PEOPLE'S ELECTRIC RY. CO. et al. v. McKEEN MOTOR CAR CO.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1914.)

No. 4012.

1. LIENS (§ 7*)—CREATION.

Liens may be created by statute or by contract or may arise from the usages of trade or commerce, but, being rights of property, cannot be created by the courts merely from a sense of justice in particular cases.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 26–28; Dec. Dig. § 7.*]

2. SALES (§ 481*)—CONDITIONAL SALE CONTRACT—LIEN IN PURCHASER.

Where a conditional sale contract provided that the seller should retain title and the right to retake possession on specified conditions, the purchaser, by rescinding a contract for breach of an implied warranty by the seller, could not give rise to a lien on the property to secure such claim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SALES (§ 479*)—CONDITIONAL SALES—BREACH OF CONDITION—RECOVERY OF PROPERTY—DEFENSES—BREACH OF WARRANTY.

In replevin by a seller to recover the property under a conditional contract of sale for the buyer's default, the latter could not successfully assert damages for a breach of the seller's implied warranty in defense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. § 479.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Replevin by the McKeen Motor Car Company against the People's Electric Railway Company and another. Judgment for plaintiff on the pleadings, and defendants bring error. Affirmed.

Arthur G. Moseley, of St. Louis, Mo. (C. N. Haskell, of Muskogee, Okl., and G. W. Risser, of Ottawa, Ohio, on the brief), for plaintiffs in error.

R. W. Blair, of Topeka, Kan. (B. W. Scandrett, of Omaha, Neb., and C. A. Magaw and T. M. Lillard, both of Topeka, Kan., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and POPE, District Judge.

HOOK, Circuit Judge. In an action in replevin by the seller of a chattel under a contract of conditional sale by which he reserved title and the right to possession if the purchase price was not fully paid, the purchaser who had not paid in full set up in defense a breach of implied warranty, a rescission of the contract of sale, and a claim of equitable lien on the chattel or right to retain it until reimbursed for his partial payment and some expenses.

Judgment for the seller was entered on the pleadings.

In cases of enforcement of contracts of conditional sale, circumstances not infrequently appear which make the result seem inequitable, but as was said in Bierce v. Hutchins, 205 U. S. 340, 347, 27 Sup. Ct. 524, 525 (51 L. Ed. 828):

"Such sales sometimes are regulated by statute and put more or less on the footing of mortgages. With the development of its effects there has been some reaction against the Benthamite doctrine of absolute freedom of contract. But courts are not Legislatures, and are not at liberty to invent and apply specific regulations according to their notions of convenience. In the absence of a statute, their only duty is to discover the meaning of the contract and to enforce it, without a leaning in either direction, when, as in the present case, the parties stood on an equal footing and were free to do what they chose."

[1] Liens may be created by statute or by contract or may arise from the usages of trade or commerce. They are rights of property and not mere matters of procedure (The Lottawanna, 21 Wall. 558, 579, 22 L. Ed. 654), and therefore they cannot be created here and there by the courts merely from a sense of justice in particular cases.

[2] A lien in the purchaser is not consistent with the terms of the contract before us. The parties agreed that the seller should remain

the owner and should have the right to retake possession upon conditions definitely specified. The purchaser cannot change this to his advantage by rescinding the contract. The effect of the rescission, if any, was to make it clear that the seller's right to possession was immediate were there otherwise doubt about it.

[3] If there was a warranty and a breach of it, the purchaser has a cause of action, but it is well settled that it cannot be asserted in defense to replevin. In Blair v. Johnson, 111 Tenn. 111, 76 S. W. 912, it was held that set-off or recoupment authorized by statute, when "arising out of plaintiff's demand" or "out of the original consideration of any written instrument," is not available to a purchaser for a breach of warranty in a conditional sale of personalty against replevin by the seller on breach of the condition. In Ryan v. Wayson, 108 Mich. 519, 66 N. W. 370, the court said:

"There is nothing to indicate that the defendant had a special interest in or lien upon those goods. He had a right to purchase them by making payment according to the contract. If, as seems to be claimed, he had a right to treat the contract as rescinded, he would certainly have no interest in the property, and at most might have a personal claim against the plaintiff for the amount paid."

See, also, Fairbanks v. Malloy, 16 Ill. App. 277.
The judgment is affirmed.