First Trust & Savings Bank of Clare, Appellee, v. John Kleih et al., Appellees; Gustav Voigts et al., Appellants.

MORTGAGES: Redemption—Failure of Junior Mortgagee to Redeem—
1 Effect. The holder of a junior mortgage on both homestead and nonhomestead property of a bankrupt, who is not satisfied out of the proceeds of a "free-from-lien" sale of the nonhomestead property · by the trustee in bankruptcy, does not lose his lien on the homestead property by failing to redeem from the foreclosure of senior mortgages which *are* satisfied out of said proceeds, because the satisfaction of said senior mortgages *left nothing from which redemption could be made.* (See Book of Anno., Vol. 1, Sec. 11776, Anno. 3 *et seq.*)

BANKRUPTCY: Sale—Manner and Terms. Principle recognized that 2 a trustee in bankruptcy may, if to the advantage of unsecured creditors, sell incumbered real property free of liens.

Headnote 1: 7 C. J. p. 232 (Anno.)  Headnote 2: 7 C. J. p. 231.

*Appeal from Webster District Court.*—E. M. McCall, Judge.

-  November 24, 1925.

Rehearing Denied June 21, 1926.

Action to foreclose a mortgage on real property. The facts are stated in the opinion. Decree as prayed, and the defendants Voigts and Marsh appeal.—*Affirmed.*

*Healy, Thomas & Healy,* for appellants.

*Price & Burnquist,* for appellee First Trust & Savings Bank.

Stevens, J.—On December 7, 1921, Gustav Voigts was adjudicated a voluntary bankrupt. At that time he held the legal title to the northwest quarter of Section 28, Township 90,

1. MORTGAGES: redemption: failure of junior mortgagee to redeem: effect.

Range 29, which was incumbered by mortgages, the liens of which were in the order named, as follows: Equitable Life Insurance Company of Iowa, $16,000; George H. and Maud Lauderdale, $2,500; J. B. Butler, $1,500; First Trust & Savings Bank of Clare, Iowa, appellee herein, $4,350; American Commercial

Savings Bank of Davenport, $6,500. The Lauderdale and Butler mortgages were foreclosed in the district court of Webster County, and sold on special execution, March 30, 1922, being bid in by the respective mortgagees. Subsequently, Butler redeemed from the Lauderdale mortgage, and received an assignment of the sheriff's certificate. The northwest quarter of the above tract was set off by the bankruptcy court to the bankrupt as a homestead. Believing that the three forties, exclusive of the homestead, could be sold by the trustee to the advantage of the unsecured creditors, the referee ordered the sale thereof, free of liens, and caused an appropriate notice of such proposed sale to be given to the mortgagees and certain other creditors having judgment liens against the property. The land was sold by the trustee on October 17, 1922, to John Kleih and Fred Holst for $212 per acre. The sale, by voluntary agreement of the bankrupt, also included the homestead. Thereafter, all persons having liens upon the land were notified by the referee to file the same in the bankruptcy court for adjudication, allowance, and payment. So far as the record discloses, all lien holders complied with the notice and propounded their claims. The liens of the three prior mortgages were combined, but the lien of appellee's mortgage, which was executed November 3, 1921, upon the nonexempt forties, was rejected, in so far as the same represented an antecedent indebtedness, but was allowed to the extent of $216, the amount advanced at the time the mortgage was signed. The latter sum was paid by the trustee to appellee. J. B. Butler, who at the time held both certificates of sale, presented them to the bankruptcy court for allowance, and they were allowed, and the full amount due paid to him. The certificates were, however, assigned by Butler to the trustee, and by the latter to Kleih and Holst, the purchasers of the land. Appellee did not redeem from the sheriff's sales, and at the end of twelve months a sheriff's deed was executed to the assignees thereof. After the bankruptcy court rejected the lien of appellee's mortgage, a claim was filed by the plaintiff bank as a general creditor. This claim was also rejected, because not filed within the time allowed. The hearing on the claim in the bankruptcy court was postponed until the statutory time for redemption had

expired. Appellee made some effort to redeem before the time expired, but found that the certificates had been filed with the trustee in bankruptcy.

On October 17th, a written stipulation was entered into between the bankrupt, the trustee, and the purchasers of the 160-acre tract, agreeing that $6,000 of the purchase price should be retained by the trustee, to protect the title against the lien of appellee's mortgage. Upon the execution of this agreement, a trustee's deed to the three forties and the bankrupt's deed to the homestead were delivered to the purchasers. The vendees and the trustee in bankruptcy were made parties to the action of appellee to foreclose its mortgage; the trustee filed answer and cross-petition; and thereupon Gustav Voigts, Martha Voigts, and E. L. Marsh, to whom the Voigts had assigned their interest in the $6,000 held by the trustee, appeared and filed answer thereto.

The sole question for decision upon this appeal is: Did appellee lose the lien of its mortgage upon the homestead by failing to redeem from the Lauderdale and Butler sales within the time fixed by statute therefor? The jurisdiction of the state court in the actions to foreclose the Lauderdale and Butler mortgages was in no way interfered with by the bankruptcy court, and no action was taken to stay the sale of the property on special execution. On the contrary, the liens of these mortgages, which had merged in the sheriff's certificates of sale, were specifically recognized, and the amount due thereon paid by the trustee to the holder thereof. It will be observed that, after the payment of the amount allowed by the bankruptcy court to appellee, its lien upon the nonexempt property was, by operation of law, discharged. This did not, however, affect the lien of its mortgage upon the homestead, nor prevent a foreclosure thereof in the state court, unless the failure to redeem from the prior sales had that effect. It is contended by appellants that no action taken by the bankruptcy court or transaction on the part of the trustee did, or could in any way, affect the validity of the sheriff's certificates of sale; that the effect of a sale by the bankruptcy court free of liens was only to transfer the equity of redemption to the vendees; and that the duty of appellee to redeem, if it desired to preserve its

lien, was the same as it would have been if the land had been sold by the trustee subject to, instead of free of, the mortgage liens thereon.

As opposed to these contentions on the part of appellant, it is urged by appellee that the sale of the land by the trustee free of liens, and the payment of the amount due out of the proceeds thereof, operated to discharge the liens absolutely.

It is well settled by the repeated decisions of the various district courts and courts of appeal of the United States that the trustee may, if to the advantage of the unsecured creditors of the bankrupt, sell real property free of liens, and so convey it to the purchaser. *In re Howard,* 207 Fed. 402; *In re E. A. Kinsey Co.,* 106 C. C. A. 648 (184 Fed. 694); *In re Kohl-Hepp Brick Co.,* 100 C. C. A. 260 (176 Fed. 340); *In re Stewart,* 193 Fed. 791; *In re Torchia,* 185 Fed. 576; *In re Saxton Furnace Co.,* 136 Fed. 697; *In re Platteville F. & M. Co.,* 147 Fed. 828. As will appear from a reading of the foregoing cases, the trustee cannot sell real property free of liens without notice to the lien holders; and, before distribution of the proceeds, such lien holders must be required to file their claims and have their liens determined and adjudicated by the bankruptcy court. Of course, the referee in bankruptcy accepted the adjudication of the state court as to the amount due on the Lauderdale and Butler mortgages, but, upon the hearing of objections filed by the trustee to the allowance of appellee's claim, it was rejected, except as hereinbefore stated. It is true that the trustee, if he desired, could have redeemed from the outstanding sheriff's sales by complying with the state statute and paying the due amount to the clerk of the district court in which the judgments were rendered. That such payment would have relieved appellee of the necessity to redeem, must be conceded. Why did not the same result follow the payment by the trustee to the holder of the certificates? Unless such was the effect thereof, what conceivable purpose was served by the order of the referee to that effect, and the sale of the land by the trustee free of liens? Free of liens does not mean subject thereto. It must mean without liens. It seems to us that by no fiction of the law can it be said that the liens were discharged in the

*2. Bankruptcy: sale; manner and terms.*

bankruptcy court and at the same time preserved in the state court. There is here no conflict of jurisdiction. When Congress, in the exercise of its constitutional power, enacted a uniform bankruptcy law, it superseded all similar state statutes in conflict therewith. The jurisdiction of the state court was invoked by the holders of the Lauderdale and Butler mortgages only for the purpose of enforcing their liens. This was accomplished, so far as the adjudication of a right thereto was concerned, by the decree therein. It could make no difference to them whether their claims were paid by the original debtor, the trustee in bankruptcy, or any other person. A sheriff's deed was not necessary to perfect the title of the purchasers. The lien of the mortgages was transferred from the land to the proceeds of the sale. Such is the holding of the cases cited. All of the interest of the bankrupt in the nonexempt property vested in the trustee, subject to the valid liens thereon. The trustee took all that the bankrupt had. The title of the bankrupt to the homestead remained in him, and was in no manner affected by the bankruptcy proceedings. The deed executed by the bankrupt and his wife conveyed to the vendee all the title they had, subject to all unsatisfied valid liens against the same. Payment of the amount due having been received, the certificates ceased thereafter to have any validity, and the liens were discharged. This being true, the appellee was not required to redeem, nor were there any liens from which redemption could be made. With the prior mortgages satisfied and discharged, appellee bank was entitled to a decree foreclosing its mortgage. The decree makes adequate provision for the protection of the vendees, and it is—*Affirmed.*

All the justices concur.