SCHMOLLER & MUELLER PIANO COMPANY, Appellee, v. CLAUD M. SMITH, Appellant.

**APPEAL AND ERROR:** Assignment of Errors—Fatal Indefiniteness.
1   An assignment to the effect that the court erred in sustaining plaintiff's objections to each and every question asked defendant's witnesses is fatally indefinite. (See Book of Anno., Vol. 1, Sec. 12869, Anno. 14 *et seq.*)

**SALES:** Conditional Sales—Action for Contract Possession Works No
2   Rescission. The vendor in a conditional sale contract by instituting replevin for the possession of the article, as provided by the contract in case of the vendee's default, manifests a clear intent to stand *on the contract,* and not to rescind it. It follows that the refusal of the court to submit to the jury the issue of rescission and return of the purchase price is proper. (Analogous holding, 202 Iowa 1128.)

**REPLEVIN:** Tender—When Tender Unnecessary. In an action of re-
3   plevin based on a conditional sale contract which provides for possession by the vendor in case of condition broken, tender of payments already made is not a condition precedent to the institution of the action.

**CONTRACTS:** Modification—Independent Undertakings. An original
4   written contract obligation is necessarily not abridged, enlarged, or modified by a subsequent undertaking which is independent of and separate from said original undertaking.

APPEAL AND ERROR: Harmless Error—Improper Fixing of Value in
Replevin. The fact that in replevin the court fixes the value of the
property, instead of submitting such issue to the jury, becomes of no
consequence when the plaintiff avails himself of the right to take
the *actual property.*

Headnote 1: 3 C. J. p. 1371.  Headnote 2: 35 Cyc. p. 700.  Headnote
3: 35 Cyc. p. 700 (Anno.)  Headnote 4: 13 C. J. p. 590.  Headnote 5:
4 C. J. p. 1022.

Headnote 3:  24 R. C. L. 480.

*Appeal from Cherokee District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

Action in replevin, to recover possession of piano. Because
the district court sustained plaintiff's motion for directed ver-
dict defendant appeals.—*Affirmed.*

*J. F. Loughlin* and *Claud M. Smith,* for appellant.

*McCulla & McCulla,* for appellee.

KINDIG, J.—This action involves the right of the vendor in a
conditional sale contract to take possession of the property sold,
upon provision broken.  These parties, in May, 1922, entered
into a written agreement whereby defendant, the appellant, pur-
chased from plaintiff, the appellee, a McPhail grand piano, for
the consideration of $1,000, payable $200 on delivery, and $25 a
month until fully paid, with the express condition that title to
the property should and did remain in appellee until said pur-
chase price was entirely satisfied.  And under said stipulation,
default resulted in the right and authority of appellee to take
immediate possession of the subject of the sale, and apply the
money received in payment thereof as liquidated damages.  In
pursuance of such written obligation, the musical instrument
was delivered; but, upon receipt of the same, appellant claimed
that it was secondhand, and not new; and the vendor furnished
the vendee with a second instrument, in October, 1922, in substi-
tution for the first, upon the same contractual burdens and con-
tingencies.  Because appellant failed to make the installment
payments as provided, appellee brought an action at the October,

1924, term of the Cherokee district court, to recover said property. Here again, the former objection about quality and former use was renewed. Pleadings were filed and issues joined, raising the questions of dispute. Afterward, a stipulation of settlement was agreed upon, reduced to writing, and filed in said cause, the terms of which were that the purchase price of said instrument was cut $175, the original contract otherwise confirmed and re-established, and said disagreement fully settled and determined. As before, appellant again became in default, this time to the amount of $491.59, and the present action in replevin was brought, to recover possession of said piano. Jury trial was had, and at the close of the evidence, the district court sustained appellee's motion for directed verdict. To cure alleged errors, appeal was taken.

I. A general and indefinite assignment is made as follows: "The court erred in sustaining plaintiff's objections to each and every question asked defendant's witnesses, as set out in defendant's abstract." Vagueness and uncertainty prevent our consideration thereof. *Hungerford v. Mutual Life Ins. Co.*, 190 Iowa 852; *Brown v. Gray*, 190 Iowa 252.

1. APPEAL AND ERROR: assignment of errors: fatal indefiniteness.

II. Complaint is made because the trial court did not submit the cause to the jury on the theory that there was an attempted rescission, and that a condition precedent thereto is a return of the purchase money paid. That position, however, is untenable. Contrarily, there was no effort to rescind by appellee, but rather, recovery was sought on the very basis of the existing contract. Upon the provisions of said document reliance was had for title, and the right to immediate possession permitted because of the broken condition. Without the agreement, appellee's cause of action did not exist. With it, the applied remedy and resulting relief were afforded. *Richards v. Hellen & Son*, 153 Iowa 66; *Mohler v. Guest Piano Co.*, 186 Iowa 161.

2. SALES: conditional sales: action for contract possession works no rescission.

III. Equally erroneous is appellant's demand for tender of, or reimbursement for, installments paid, as a necessary prerequisite for the commencement of the suit. Primarily, the reason is

3. REPLEVIN: tender: when tender unnecessary. — that the sale obligement did not so require. Logically then, if recovery of said money is to be had, it is not in this, but must be in another action. Language used by us in *Richards v. Hellen & Son,* supra, is as follows:

"We do not think that question [rescission and tender of payments made on conditional sale contract] necessarily arises in a replevin action, and may go so far as to say that, unless return of the money paid was a condition precedent to plaintiff's right to possession of the property, the matter of the right to a return of the money paid cannot be investigated in this action. As already suggested, the plaintiff did not rescind the contract, but is relying upon it, and has elected to retake the goods. This he had an undoubted right to do, and he .was not required, as a condition precedent,· to return any part of the purchase price already received. Having received the goods, his duties with respect thereto may be a subject of controversy; but we have not reached that stage in this proceeding."

See, also, *Mohler v. Guest Piano Co.,* supra. Those authorities are determinative of this case, and further discussion adds nothing.

IV.   *American Soda Fountain Co. v. Dean Drug Co.,* 136 Iowa 312, is relied upon by appellant as a foundation for his contention that, at the time of said settlement above referred to,

4. CONTRACTS: modification: independent undertakings. — there was an oral agreement to the effect that appellee was to clean the piano and polish .it so that the appearance would be the same as new. This is denied. But assuming the parol understanding was es-.tablished, nevertheless the full and careful study of the entire record constrains us to hold that the same was independent of, separate from, and not connected with, said original written undertaking. Consequently, no abridgment, enlargement, modification, or change of the last named compact resulted therefrom. Necessarily, then, the *American Soda Fountain Co.* case is distinguishable, for the .reason that, under the issues there involved, only part of the property was delivered by the seller. Certainly there the buyer could not be in default. Manifestly, that decision is not authority for the matter considered here. For this reason we said, in *Richards v. Hellen & Son,* supra (under a like situation):

"*Soda Fountain Co. v. Dean Drug Co.* \* \* \* is manifestly not in point."

V. The district court entered judgment for, first, possession, and second, the value of said property. Objection is made because the fixing of such price was not left to the jury. Provision for alternative or optional redress under Section 12195 of the Code of 1924 was for appellee. Exercising the privilege, it chose to and did take possession of the subject of this conflict. Therefore, the point becomes moot. Judgment for said money has not been, and now never can be, asserted against appellant, because of said election. Enforcement of the money judgment was waived when the actual property was received. Accordingly, no prejudice can result.

*5. APPEAL AND ERROR: harmless error: improper fixing of value in replevin.*

Because of the foregoing, the judgment of the district court must be, and hereby is, affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.

WAGNER, J., takes no part.