CENTRAL IOWA MOTORS COMPANY, Appellant, v. LOUIS F. CLANCY, Appellee.

*Franklin Brown* and *C. Everette Brown,* for appellant.

*Fred T. Van Liew,* for appellee.

ALBERT, J.—On the 2d day of July, 1926, the plaintiff sold to the defendant, on a conditional sale contract, one Buick touring car, for the sum of $217. Under this contract, $60 was paid in cash, and a note given for $20, due in 20 days, and the balance of the purchase price was to be paid in monthly installments of $20 each. These deferred payments were represented by a promissory note for $137, payable to the plaintiff, and signed by the defendant. The contract also provided:

"It is agreed that the title to, ownership in, and the right of possession of said chattel are vested in you [the Central Iowa Motors Company] and your assigns until said indebtedness and all other sums of money payable to you, whether evidenced by note, book account or otherwise, also any judgments which you, your successors or assigns may obtain therefor, shall be fully paid in money, at which time the ownership shall pass to me or us."

The defendant in answer denied that he is indebted to the plaintiff in the sum of $127, and states that he returned said automobile to the plaintiff, and that the plaintiff accepted the same in as good condition as it was when he (defendant) received it, and the defendant is in no manner indebted to the plaintiff on any account.

Plaintiff made a prima-facie case, and the only testimony introduced on behalf of the defendant was by the defendant himself, and is as follows:

"On July 2, 1926, I purchased the car in question from the Central Iowa Motors Company. My ex-wife, Ruby, left a note for them to come and get the car, and they, the people I bought it of, came and got it, and, so far as I know, never gave me any credit for it. They got the car around the middle of September,

1092

1926, and it was in as good condition when they got it as when I got it from them. I paid $10 in June."

Cross-examination:

"The motor support on the car was broken when they came and got it. It had been broken once before, and was welded again. It was not broken when the car was purchased. It was broken in an accident. The day I got the car, I paid $50, and on that day I gave them a note for $20, which I paid later, and signed the note and contract. That was in August, I made a payment of $20, and there were no more payments made."

While, of course, it is not expected that pleadings in municipal courts will be as correct as those in higher courts, yet some attention must be given to rules of pleading. In the answer it is pleaded that the defendant returned the automobile to the plaintiff, and that plaintiff accepted it in as good condition as it was when defendant received it, and defendant is in no manner indebted to the plaintiff on account. If this amounts to a defense, it must be on the theory that the contract was rescinded. To successfully support a plea of rescission of contract, it must be shown that there was a mutual agreement to rescind. Of course, this agreement may be either expressed or implied; but to make a successful proof of rescission of contract, there must be a mutual intention to rescind. It may be in the form of an offer to rescind by one party and an acceptance of the rescission by the other party. *Berkey v. Lefebure & Sons,* 125 Iowa 76; *Blake v. Osmundson,* 178 Iowa 121. In the latter case we said:

"A contract evidences a joint will of the two parties. It can only be rescinded by the joint will of the two parties, and it is plain that one of the parties can no more rescind the contract without the other's expressed or implied assent than he alone can make it."

Under the plea of rescission, the burden of proof was upon the defendant, and there is no evidence on which the court could find that there was a mutual rescission of this contract.

In another division of defendant's answer, there is an attempt to plead a want of consideration for the writing sued on.

This plea, in itself, as set out, is not good, because it does not plead facts, and in the second place, there is no evidence to support it. Under the terms of the contract, it was provided that, under any of certain numerous conditions, the Central Iowa Motors Company could take possession of this car without notice or demand of performance, and without legal process, and it might dispose of the same by sale with or without notice, either at public or private sale, and, after deducting the expenses, credit the same to the defendant on this indebtedness; or, without such sale, the fair market value of the chattel might be credited, and the defendant might agree to pay the balance found due. This gave the plaintiff the option, if it saw fit, to foreclose this conditional sale contract by sale of the property, or by taking possession and crediting the defendant with the value thereof. This would not, however, deprive the plaintiff of its right to maintain an action of this kind in court, to foreclose the conditional sale contract. It would have the right in such proceedings to have judgment against the defendant for the balance due on the contract, and have the automobile sold and the proceeds applied on such judgment. This was what was attempted in this case, and, as the defendant has not, under the record, successfully defended against the claim of the plaintiff, we feel that the municipal court erred in holding as it did.—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.