EMIL STAUFFER, Appellant, v. MATHISON MOTOR COMPANY, Appellee.

NOVEMBER 20, 1928.

REHEARING DENIED MARCH 8, 1929.

*Martin & Alexander,* for appellant.

*McGrath, Archerd & McGrath,* for appellee.

FAVILLE, J.—The petition alleges that, on or about the 26th day of June, 1926, the appellant entered into a written contract with the appellee for the purchase of a certain Ford truck. The petition further alleges that certain payments were made by the appellant on the purchase price of said truck, and notes given for the balance of said purchase price, representing monthly payments that were to be made. The petition also alleges that the

appellant paid the sum of $100 at the time said agreement was entered into, and subsequently paid one of the monthly installments of $70.36, and that, while the truck was in his possession, he placed thereon a box and a tire of the total value of $40. It is alleged that, on or about the 25th day of September, 1926, the appellee took possession of the said truck, with the additions thereto, and converted the same to its own use, and surrendered to the appellant the unpaid notes and the contract, together with a release of the same, the contract having been filed for record in the recorder's office. It is alleged that the appellee refuses to restore to the appellant the sums so paid and expended by him. Recovery is sought for the amount so paid and the value of the said box and tire. The petition contains the allegation that, by reason of the matters therein set forth, the appellee rescinded the contract. The essential parts of the contract involved in the question before us are as follows:

"Title to said property remains in the Dealer until the entire purchase price is fully paid in cash, and until this contract is fully performed. Any equipment or accessories placed upon said vehicle shall be covered by this contract. * * *

"If the purchaser fails to comply with any provision of this contract, then all unpaid balance of the purchase price shall forthwith become due and payable, and the Dealer may take immediate possession of said property wherever found, and all rights of the Purchaser therein shall end, and all payments made by the Purchaser shall be retained by the Dealer as liquidated damage for non-performance of this contract, depreciation and rental of the property, and the Dealer, his assigns, or their agents may, but need not, resell the property at any time within six months from the date of repossession, at public or private sale, held at any place, with or without notice, to any person or persons whomsoever including the Dealer or his assigns or their agents, and apply the proceeds in payment of the expenses of repossession and sale and upon the unpaid balance of the purchase price and interest, the Purchaser herein to receive the surplus, if any, and to pay the deficiency, if any. And the purchaser expressly waives any right of action of any kind whatsoever against the dealer or assigns growing out of the removal, repossession, retention or sale of said property."

1040

The demurrer, in various forms, challenges the sufficiency of the petition to state a cause of action against the appellee. The appellant pleads the facts regarding the transaction. The statement in the petition that said acts constituted a rescission of the contract between the parties is the statement of a legal conclusion.

The facts alleged do not show any mutual abandonment of the contract under a new agreement, and cases involving mutual abandonment are not in point.

It is a well established rule that, upon rescission of a contract, it is incumbent upon the party rescinding to restore the *status quo*. This is what the appellant seeks to secure in the instant case, and the question for our determination is whether or not the facts pleaded show that the appellee rescinded the contract between the parties. If the appellee rescinded the contract, it was incumbent upon it, in order to rescind, to restore the *status quo*. But, as we read the petition and recital of facts therein contained, it fails to show either a mutual abandonment of the contract by the parties or a rescission of the same by the appellee. On the contrary, we think it affirmatively appears from the allegations of the petition and the recital of facts that what the appellee did was to carry out the contract according to its terms. Appellant contends that the fact that the appellee restored to the appellant the unpaid notes, after taking possession of the property, and released the contract of record, is evidence that the appellee rescinded the contract. We do not so construe the facts pleaded. The contract, by its terms, gave the appellee the right to retake the property and retain the payments that had been made, together with the improvements that had been placed upon the truck. This is exactly what the appellee did. The fact that the appellee was satisfied to take the property in the condition in which it found it, and make no claim for deficiency, if any existed, against the appellant, and restored the unpaid notes, and released the conditional sale contract, was in fulfillment of the contract, rather than in rescission of it. In other words, it was not an attempt to effectuate a rescission by restoring the unpaid notes and releasing the contract; but the appellee, in exercising the power given it under the contract, and taking possession of the truck, did not by such act elect to rescind the contract, but rather to fulfill it according to its terms,

and exercise its rights thereunder. Having done this, the fact that it saw fit to restore the unpaid notes to the appellant and to release the contract of record, is not evidence of a rescission of the contract, as claimed by the appellant. The petition on the recited facts does not make a case of rescission, but rather, one of recaption, under the terms of the contract. Construing the pleading as we do, the demurrer was properly sustained. *Richards v. Hellen & Son*, 153 Iowa 66, presented a somewhat similar situation, in which we said:

"Appellants' chief contentions are that plaintiff is not entitled to the property or to a judgment for the value thereof without returning to the defendants the amount he received from the defendants thereon. This contention is based upon two propositions. One is that plaintiff has elected to rescind the contract and is bound to return what he received thereunder, and the other is that the contract is one of conditional sale, or made as security for a debt, and that plaintiff cannot keep the money he has received under the contract and also take the property back, or have judgment for its value. There is no merit in the first proposition, because it has no support in the facts. Neither the pleadings nor the evidence adduced by plaintiff shows a rescission of the contract; but, on the contrary, reliance is based upon the contract as written, and plaintiff's action is bottomed upon the rights given him by the contract itself. No rescission was shown."

We also discussed the question in *Central Iowa Motors Co. v. Clancy*, 206 Iowa 1090.

See, also, *Mohler v. Guest Piano Co.*, 186 Iowa 161; and generally, 35 Cyc. 696 *et seq.*

The judgment of the district court is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.