JAMES LIVINGSTONE v. ROBERT HAVENS AND ANOTHER.[1]

May 25, 1934.

No. 29,911.

[1]Reported in 255 N. W. 120.

*John I. Levin* and *G. W. Currier,* for appellant.
*Donald S. Doty,* for respondent.

*STONE, Justice.*

Replevin for household goods wherein the trial without a jury resulted in a decision for plaintiff. Defendant Ballard Storage & Transfer Company did not appear. Defendant Havens appeals from the order denying his motion for a new trial. He will be mentioned herein as the only defendant.

The contract was made between plaintiff's decedent, Priscilla Livingstone, as seller and defendant Havens as purchaser June 31, 1924. The purchase price of the goods was $900—$300 payable in cash and $25 monthly thereafter. Defendant has been in persistent default, in consequence of which plaintiff resorted to replevin to obtain possession, to which he was entitled under the contract.

■ There has been argument here that the contract was a chattel mortgage rather than a conditional sale. That argument comes too late. The point was not made below at all as appears from the pleadings and a statement by defendant's counsel made during the trial. No such departure from the theory of trial will be permitted on appeal. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 401.

■ The one question meriting consideration is whether defendant may recover the payments he has made on account—$325— less an item of $50 which he admits to be the value of his use of the property while in his possession. (His pleadings make no mention of any additional credit against his payments because of depreciation in value.) In such case the better rule is said to be, and we adhere to it, that "where the buyer has made default in the stipulated payments and the seller has exercised his right to retake possession, the buyer has no right in an action at law to recover the instalments of the price theretofore paid, even though there is no express provision in the contract" for the forfeiture of

such payments. 24 R. C. L. 501; 55 C. J. 1279; annotations 38 L.R.A.(N.S.) 891; 37 A. L. R. 91; Reinkey v. Findley Elec. Co. 147 Minn. 161, 164, 180 N. W. 236.

The case presents no equities for defendant entitling him to any accounting from plaintiff for payments under the rule of such cases as Groen v. Ferris, 189 Iowa, 21, 176 N. W. 213. Whether in a proper case we would interfere to prevent an inequitable forfeiture of all payments, on a seller's exercising his right to repossess property sold under a conditional sales contract, we need not now decide. In passing it should be noted that we have no statute conditioning forfeiture by the seller or giving the purchaser any right to recover on account of payments in case of forfeiture. There is a qualified right of redemption, of no effect in this case, under L. 1931, c. 339 (Mason Minn. St. 1934 Supp. § 8363-2, 8363-3). This state has not enacted the uniform conditional sales law. It should be noted also that plaintiff's decedent, in repossessing the goods, did not rescind the contract so as to entitle defendant to be placed *in statu quo*. She rather and only exercised her rights under the contract. Mohler v. Guest Piano Co. 186 Iowa, 161, 172 N. W. 302.

An error assigned because of the suppression of a deposition for defendant needs no consideration because there is no showing that it contained any material evidence.

Order affirmed.

*DEVANEY, Chief Justice,* took no part.