KENNETH SMITH, Appellee, v. H. E. RUSSELL, doing business as OFFICE EQUIPMENT COMPANY, Appellant.

No. 43674.

124

MARCH 16, 1937.

REHEARING DENIED JUNE 18, 1937.

Mills, Hewitt, Diltz & Holliday, for appellant.

Reed & Elick, for appellee.

HAMILTON, J.—The plaintiff, Kenneth Smith, appellee, purchased a mimeograph machine from the defendant-appellant, at the agreed price of $195, payable in installments. There was a written contract entered into which is designated by appellant as a "lease agreement" which provided for the payments and which contained the following provision: "It is understood and agreed that the title to said machine shall remain in said company until final payment in full shall have been made. * * * That in default of any of said payments, said company or its agents is hereby authorized to enter on premises and take and remove said machine without legal process and may retain all payments made as rental for use of said machine." Notes for the deferred payments were also executed and in each of these notes is this statement: "It is hereby agreed that the ownership and title to said goods remain in said Office Equipment Company until this note

is fully paid." The contract bears date of September 12, 1932, and the last of the installment notes was due and payable February 1, 1933.

On account of financial reverses plaintiff was unable to complete the payments of this and other debts, and it appears that on or about the 5th of March, 1935, plaintiff filed a voluntary petition in bankruptcy and was adjudged a bankrupt. He listed among his assets and liabilities the defendant as a creditor "holding security" and listed the machine as purchased on contract with a balance due and unpaid. There was a dispute over the exact amount of the balance, but it is conceded that there was a balance due and unpaid. A trustee was appointed in the bankruptcy matter, and on the 22d of March, 1935, the defendant filed with referee in bankruptcy a petition for reclamation of said machine under the terms of his contract. After defendant obtained possession of said machine, plaintiff through his attorney attempted to negotiate with the defendant in reference to the balance due, and to reclaim the machine. Plaintiff offered to settle by paying $30 which was more than the balance due, but the defendant refused to accept the sum of $30, but offered to take the sum of $40, and it was therefore this small item of $10 which might be said to be the inducing cause of this litigation over a machine which had been operated since 1932, which litigation has resulted in costs and attorney fees no doubt many times the actual value of the machine.

When the parties were unable to agree, the plaintiff made a tender of what he claimed was the amount due, which was refused, and this was followed by formal demand upon the defendant for the machine. The trial court, in what might be termed, in a sense, a laudable effort to do equity, even in a law action of replevin, actually made an accounting between the parties and found the balance due on the contract, and then found that the plaintiff was entitled to relief prayed for in his petition, "conditioned upon the further terms of this judgment and order" which judgment and order is as follows:

"Now, therefore, it is ordered, adjudged and decreed that the plaintiff shall forthwith pay to the Clerk of this Court the sum of Nine and 77/100 Dollars ($9.77), which, together with the Thirteen and no/100 Dollars ($13.00) which the plaintiff has already paid to said Clerk as a tender hereunder, shall be in full

settlement and satisfaction of all claims and liens against the personalty hereinafter described and the contract and all notes for the purchase thereof, which amount shall total Twenty-two and 77/100 Dollars ($22.77), and shall be held by the Clerk of this Court for prompt and immediate disbursement to the defendant herein after the defendant shall have paid the costs and disbursements of this action, to all of which the defendant excepts.

"It is further ordered, adjudged and decreed that upon making said payment the plaintiff shall have and take judgment against the defendant for the immediate possession of the said item of personalty described as follows:" (Here follows a description of the machine and an order for writ of replevin.)

In due time a motion to set aside judgment and for new trial was filed by the defendant, which the court overruled, and from this order the defendant has appealed, the court having granted a certificate authorizing the appeal. A supersedeas bond was filed and a supplemental order was granted, directing sheriff to again return the machine to defendant, and plaintiff has perfected an appeal from this order. Such is the record in this case.

▌▌▌ It is the contention of appellant that the right of possession, the only question involved in this replevin action, had, prior to this trial, been adjudicated by the United States bankruptcy court to be in defendant, and that said prior adjudication was conclusive on the district court as to that question; while appellee contends that his equities in the property were not adjudicated, that he still had a right to redeem his machine by paying or tendering the balance due under the contract. This contention is based upon the theory that the contract was in effect a chattel mortgage, or evidence of a lien for security only, which the appellant must foreclose in order to get full title.

The law is well settled that upon adjudication, title to the bankrupt's property vests in the trustee, with actual or constructive possession, and is placed in the custody of the bankruptcy court as of the date of the filing of the petition in bankruptcy, and thereafter the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. And when this jurisdiction has attached, the court's possession cannot be affected by actions brought in the state court. The bankruptcy court being a court of competent jurisdiction, having acquired

possession and jurisdiction over the bankrupt's property, other courts, even though of concurrent jurisdiction, may not interfere or disturb such possession. Therefore, when the plaintiff filed his voluntary petition in bankruptcy, he submitted to the jurisdiction of such court, and that court became possessed of all his right, title and interest in this machine, including any equitable right of redemption, with full power to hear and determine all questions respecting title, possession and control of the same. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 75 L. Ed. 645, 661, 667, 51 S. Ct. 270. "All the interest of the bankrupt in the nonexempt property vested in the trustee, subject to the valid liens thereon. The trustee took all that the bankrupt had." First Trust & Savings Bank v. Kleih, 201 Iowa 1298, 1302, 205 N. W. 843, 845.

Hence, when the appellant undertook to reclaim the machine and petitioned the bankruptcy court setting up his contract and claim of title, the default of the purchaser and appellant's consequent right to repossess the property and treat the amount paid as rent, and the trustee appeared thereto, it became not only the trustee's right, but it was his legal duty if there was anything to be gained for the unsecured creditors of the bankrupt, to defend and set up any right in the machine or equities therein that existed in law in favor of the bankrupt. He might even, under proper order of the court, have paid the balance due and thus prevented the reclamation of the machine. The appellant set up in his petition for reclamation all the facts and attached a copy of the contract, and alleged the default of the appellee and stated: "Your petitioner elects to demand possession of said property," that title to said machine did not pass from him, and "your petitioner is still the owner and entitled to the immediate possession thereof."

The order of the bankruptcy court recited the appearance of the petitioner and of the trustee in person "and after the court inspecting the records and hearing statements of counsel for petitioner and of the trustee, and inspecting the evidence and exhibits offered finds: That the petitioner herein is entitled to the relief demanded, and that the bankrupt herein executed a lease agreement for the purchase of one Edison Dick Mimeograph Model, No. 77B, No. 46842, and the petitioner herein reserved the title thereto until the purchase price was fully paid. That the bankrupt herein is now in default under the terms of the lease

128

agreement and has defaulted in the payment of the notes issued as evidence of the indebtedness owing. That the trustee herein has no interest in or to said property as an asset to this estate, and that the said trustee should surrender the immediate possession of the same to this petitioner.'' And order, judgment and decree was entered accordingly, and signed by the referee in bankruptcy.

The rule in this state is that ''an adjudication is final and conclusive, not only as to matters actually determined, but also as to every other matter which the parties might have litigated and have had decided, as incident to or essentially connected with the subject matter of litigation.'' Stodghill v. C. B. & Q. R. Co., 53 Iowa 341, 346, 5 N. W. 495, 498; Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N. W. 906, 911; Hodge v. Shaw, 85 Iowa 137, 52 N. W. 8, 39 Am. St. Rep. 290.

Therefore, we conclude that even on appellee's theory that this contract was held only as security, and that his equities and right to redeem must be cut off by action in equity, the judgment and decree of the bankruptcy court was a final adjudication of all these matters, and the same matters cannot be again litigated or urged by the discharged bankrupt, the plaintiff in this action. Since all such equities in the property had passed from the bankrupt to the trustee in bankruptcy, it was the right and duty of the trustee, who was a party to the action, and who actually appeared thereto, to make claim as against the petitioner of any existing rights or equities in the property.

Appellee advances another theory by which he seeks to overcome this adjudication. He asserts that the order of the referee in bankruptcy was merely an order authorizing the rejection of the machine as an onerous or burdensome asset and hence the rejected item would be returned to the bankrupt. This position is untenable. It was not returned to the bankrupt. The bankruptcy court passed upon the legal effect of the conditional sale contract, and under its terms found for the appellant herein, and not one word is found in the court's order that this item of property was an onerous and profitless asset and rejected for that reason.

■■■ Furthermore, we cannot agree with counsel for appellee that this contract was merely security and in legal effect a chattel mortgage, and that it was necessary to foreclose the lien created thereby in order to divest the appellee of his rights there-

under. We have recognized in this state conditional sale contracts as a species of contracts entirely separate and apart from chattel mortgage contracts or other forms of security. In the case of Murray v. McDonald, 203 Iowa 418, 421, 212 N. W. 711, 712, 56 A. L. R. 233, we find this language:

"There is no prescribed form for a conditional sale contract. The rights and liabilities of the parties thereto, as in any other kind of a contract, must be determined by the language used and the intention deducible from the terms employed in the contract. As said in First National Bank v. Marlowe, 71 Mont. 461, 468, 230 P. 374: 'Since the parties were competent to contract and did so freely, it is not the province of this court to act as guardian for the maker and say it shall not be bound to do what it agreed to do.'" The above language is quoted with approval in the recent case of Wisconsin Chair Co. v. Bluechel, 216 Iowa 717, 724, 246 N. W. 817.

In In re Farmers Cooperative Company of Barlow, North Dakota, (D. C.) 202 Fed. 1005, 1007, we find the following pertinent pronouncement of the federal court:

"It has sometimes been said by courts and text writers that a conditional sale amounts to a sale of property with a mortgage back. This is not its character, and nothing but confusion can result from attempting to describe a conditional sale in terms of a mortgage. If the purchaser pays down part of the purchase price at the time of the sale, or at a subsequent date before the seller attempts to enforce the condition, it is quite true that the buyer has an equitable interest in the property by reason of the payments. When the facts present such a case, it may be that a court of bankruptcy will find a way to protect the equitable interest of the bankrupt against forfeiture. Williston on Sale, Section 579."

In the case of People's Electric R. Co. v. McKeen Motor Car Co., (1914) 214 Fed. 73, 74, 130 C. C. A. 513, the court said:

"Liens may be created by statute or by contract, or may arise from the usages of trade or commerce. They are rights of property and not mere matters of procedure, * * * and therefore they cannot be created here and there by the courts merely from a sense of justice in particular cases. A lien in the purchaser is not consistent with the terms of the contract before us. The

parties agreed that the seller should remain the owner and should have the right to retake possession upon conditions definitely specified.''

The rule is quite generally recognized that under a conditional sale contract the seller upon default in payment of the purchase price by the conditional buyer, has three well-defined remedies: (1) He may sue for and recover the purchase price; (2) recover possession of the property; or (3) foreclose the buyer's right in an equitable action. He is not compelled to adopt the latter, but may, under the terms of the contract, sue for the possession of the property. This is the remedy which the appellant elected to pursue in the instant case. However, the appellee insists that conceding all this, he still has a right to redeem by offering to pay the balance due under the contract. He points out no specific statutory provision as a basis for his contention. There is no warrant for this contention found in the terms of the contract. It is quite generally held that redemption is purely a statutory remedy, or may be provided for by the terms of the contract of sale. Some states provide by statute for redemption within a specified time after the vendor has repossessed the property under a conditional sale contract. In such case the payment or tender of payment must be made within the time provided by statute to be effective. Jewett v. Keystone Driller Co., 282 Mass. 469, 185 N. E. 369, 87 A. L. R. 1298. We have no statute in this state giving the purchaser any such right to redeem after forfeiture under a conditional sale contract such as the contract in the instant case. This does not mean that in a proper case, and under proper procedure, the purchaser would not have a remedy.

The case of Groen v. Ferris, 189 Iowa 21, 176 N. W. 213, 215, presents a fact situation furnishing a basis for relief from an unconscionable contract, and for interference by a court of equity in preventing forfeiture under inequitable and unjust circumstances, and in that case this court said: ''Surely, a court of equity will not permit a forfeiture, under such circumstances.'' We have no such situation in the instant case, and furthermore, we are in a court of law. We have here a contract which by its terms is specific. In retaking the property the appellant was but exercising his rights under the contract, and upon the exercise of which, by the very terms of the contract, the purchase money already paid was to be considered as rent for the

use of the property. The parties had a right to so contract. Upon the exercise of this right in a legal manner, the legal effect is to terminate the contract. It did not amount to a rescission of the contract, but amounted to the exercise of rights under the contract. See Mohler v. Guest Piano Company, 186 Iowa 161, 172 N. W. 302; Richards v. Hellen & Son, 153 Iowa 66, 133 N. W. 393; Livingstone v. Havens, 191 Minn. 623, 255 N. W. 120; Penchoff v. Walter E. Heller & Co., 176 Minn. 493, 223 N. W. 911; Stauffer v. Mathison Motor Co., 207 Iowa 1038, 221 N. W. 918; Central Iowa Motors Co. v. Clancy, 206 Iowa 1090, 221 N. W. 774; Schmoller & Mueller Piano Co. v. Smith, 204 Iowa 661, 215 N. W. 628.

See as bearing more or less upon the law applicable to conditional sale contracts: Franklin Motor Car Co. v. Hamilton, 113 Me. 63, 92 A. 1001; Note in 99 A. L. R. 1296; Zazzaro v. Colonial Acceptance Corp., 117 Conn. 251, 167 A. 734; Crompton v. Beach, 62 Conn. 25, 25 A. 446, 18 L. R. A. 187, 36 Am. St. Rep. 323; Norman v. Meeker, 91 Wash. 534, 158 P. 78, Ann. Cas. 1917D, 464, note; Tickfer v. Investment Corp. of Fargo, 63 N. D. 613, 249 N. W. 702; Millenson v. Lamp, 99 W. Va. 539, 130 S. E. 137, 48 A. L. R. 969, note; Miller v. Steen, 30 Cal. 402, 89 Am. Dec. 127, note; Extended annotation in 37 A. L. R. 91; 24 R. C. L. sections 770, 773, 790, 796.

The facts in this case disclose that the purchaser had been in default for about two years and eight months and while time or times of payment are not made the essence of the contract under the showing in this case, there is no ground for contending that he tendered the balance within a reasonable time after the default. Here we have notes evidencing the installments with times of payment definitely fixed. We see no legal impediment to the right of the appellant to repossess the chattel because of default of the purchaser, and to treat the same as his own and the purchase price paid as rent for use of the same in accordance with the terms of the contract. And we know of no rule of law by which the buyer may in a replevin suit effect a redemption by tendering the balance due after he has lost possession of the same.

There is a case, Hunt v. Winkel, 55 Iowa 623, 624, 8 N. W. 484, 485, involving a similar contract wherein the court used language from which it might be inferred that the buyer has the right in a replevin suit to tender the balance due, and repossess the property. The court in that case used the following language:

132

"By its terms he had not the right of possession, and could maintain no action therefor without a tender of the amount due thereon. Having failed to allege such tender, the demurrer to the petition should have been sustained."

Insofar as this case might be considered authority in support of the appellee's contention, the same is hereby overruled.

For the reasons heretofore stated, the judgment of the trial court is reversed. The disposition we have made of the defendant's appeal renders it unnecessary for us to pass upon the question presented by the plaintiff's appeal.—Reversed.

MITCHELL, ANDERSON, DONEGAN, STIGER, SAGER, and PARSONS, JJ., concur.