NATIONAL CASH REGISTER COMPANY v. W. E. NESS AND ANOTHER.[1]

December 23, 1938.

No. 31,723.

[1]Reported in 282 N. W. 827.

*Bryan W. Place,* for appellants.
*Emmons L. Abeles,* for respondent.

LORING, JUSTICE.

This was a suit to foreclose the plaintiff's security on a cash register sold by plaintiff to defendant Ness under a conditional sales contract and to recover a deficiency judgment against Ness and the corporate defendant. The deferred payments under the contract aggregated $470, to be paid in 14 monthly installments of $30 each and one payment of $50. This unpaid portion of the contract price was further evidenced by a promissory note. At the time Ness purchased this cash register he was engaged in the on-sale liquor business at 422 Hennepin avenue, Minneapolis, under the

trade-name of the Brass Rail. The purchase of the cash register was made December 6, 1935. Previously, on November 20 of that year, Ness had caused articles of incorporation to be executed for a corporation to be known as the Brass Rail, Inc. This is the corporate defendant herein. The first meeting of this corporation was held on December 23, 1935. All of the stock of this corporation except two qualifying shares was issued to Ness's wife, to whom Ness transferred all assets of the Brass Rail, which in turn were immediately transferred by her to the corporation. When the first installment on the deferred purchase price became due the corporation paid it to the plaintiff. Subsequent payments were defaulted. The plaintiff then instituted a replevin action, which sought possession of the property "for the purpose of foreclosing a vendor's lien thereon." The foreclosure followed, and a deficiency judgment for $298.26 against both defendants followed a sheriff's sale of the register.

■ Defendant corporation challenges the right of the plaintiff to recover a deficiency judgment against it and contends that it did not assume the obligation of Ness's contract. On this point the trial court made the finding that it did assume the contract, and we believe this conclusion was justified by the evidence. The assumption of such an obligation is essentially a matter of contract. The undertaking need not be express but can be, as here, implied. Stevens, Corporations, § 188, p. 755. The evidence showed that the corporation used the cash register from December, 1935, to April, 1936. It also showed that the corporation paid the January 15 installment on the purchase price. At this time it was using the register. We think this is sufficient to sustain the finding below. ·

Since the plaintiff is a creditor beneficiary of a third party contract, it can recover on the obligation from the defendant. St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352; Lawrence v. Fox, 20 N. Y. 268. The majority rule in this country is that the mere fact that a corporation is organized to take over the business formerly conducted by a firm or individual is not of itself sufficient to render it liable for a debt incurred prior to the incorporation. Lawrence v. Nyberg Automobile Works, 162

Ill. App. 348; note 15 A. L. R. 1126. However, some courts raise a rebuttable presumption, see Curtis, Jones & Co. v. Smelter Nat. Bank, 43 Col. 391, 96 P. 172; note 15 A. L. R. 1127; or an inference, Blumenthal v. Schneider, 186 Wis. 588, 203 N. W. 393. We need not discuss the merits of these views for the evidence sustains the lower court's determination. The implied contract controls.

█ The further contention is made that by bringing the replevin action before it started foreclosure plaintiff made an election which precluded it from foreclosing, and defendant cites Ahlers v. Jones, 193 Minn. 544, 259 N. W. 397. In order to determine whether there is merit in the argument, the remedies available to the conditional vendor upon default by the buyer must be examined. This court has stated on many occasions that the remedies open to the conditional seller are (1) to repossess the conditionally sold property; (2) recover a judgment for the purchase price; (3) foreclose his lien. See Ahlers v. Jones, 193 Minn. 544, 545, 259 N. W. 397; Holmes v. Schnedler, 176 Minn. 483, 484, 223 N. W. 908; C. I. T. Corp. v. Cords, 198 Minn. 337, 345, 269 N. W. 825; 17 Minn. L. Rev. 66, 78. Although often a subject of discussion in our cases, there are no cases in this state actually holding that the conditional vendor can maintain a foreclosure action. However, authority elsewhere clearly establishes that such a remedy may be resorted to. General Excavator Co. v. Emory (Mo. App.) 40 S. W. (2d) 490; Manley Auto Co. v. Jackson, 115 Or. 396, 237 P. 982; Gigray v. Mumper, 141 Iowa, 396, 118 N. W. 393; Ballinger v. West Pub. Co. 44 App. D. C. 49, certiorari denied, 239 U. S. 646, 36 S. Ct. 167, 60 L. ed. 484; Hollenburg Music Co. v. Morris (Tex. Civ. App.) 35 S. W. 396; contra, Olson v. Moody, Knight & Lewis, Inc. 156 Ark. 319, 246 S. W. 3; National Cash Register Co. v. Stockyards Cash Market, 100 Okl. 150, 228 P. 778.

This conditional vendor's lien is equitable in nature rather than the conventional common-law seller's lien, which requires that the seller be in possession. See Ahlers v. Jones, 193 Minn. 544, 547, 259 N. W. 397; Bogert, "Evolution of Conditional Sales Law in New York," 8 Cornell, L. Q. 303, 304; cf. Holmes v. Schnedler, 176 Minn. 483, 487, 223 N. W. 908. "An equitable lien is merely a

charge or encumbrance imposed on specifically described property by a court of equity; it not being required that the property be in the possession of the person in whose favor the lien is declared." McClintock, Equity, p. 204, § 114. Furthermore, since the lien is equitable, it is immaterial that the lienor also has title. In re National Cash Register Co. (6 Cir.) 174 F. 579.

The essence of a conditional sale is security for the seller while the beneficial use is in the buyer. We see no reason why, upon default of the buyer, the seller cannot resort to this security interest as the basis to predicate a lien against the chattel. Consequently the remedy of foreclosure is available unless it was barred by the replevin action. Under our law as it now stands a suit by the conditional vendor in which actual possession of the property is gained is a bar to the assertion of his other remedies. Minneapolis Harvester Works v. Hally, 27 Minn. 495, 8 N. W. 597; cf. Midland Loan Finance Co. v. Osterberg, 201 Minn. 210, 275 N. W. 681, 113 A. L. R. 649, wherein we expressly left open the question of what happens to the seller's rights if instead of a suit for the price he first repossesses the property. In Ahlers v. Jones, supra, this court in discussing foreclosure of a conditional seller's lien cast a warning that the foreclosure action should be instituted prior to the replevin suit. Cf. Holmes v. Schnedler, 176 Minn. 483, 488, 223 N. W. 908. However, we think in this case any inference that the plaintiff was pursuing the first mentioned remedy, i. e., that of repossession in satisfaction of his claim, is eliminated by virtue of the allegation in the replevin complaint to the effect that plaintiff was obtaining possession for the purpose of foreclosing its lien. Recovery of possession was not pursuant to the remedy of repossession but was obtained as an incident to the foreclosure proceedings. Since the only remedy the plaintiff has ever pursued has been the third, or the remedy of foreclosure, there is no question of election presented. Although possession of the property is not necessary in order to foreclose the lien, Parker Appliance Co. v. Co-Operative Machinery Co. 110 Ohio St. 255, 143 N. E. 891; see Holmes v. Schnedler, 176 Minn. 483, 488, 223 N. W. 908; Ahlers v. Jones, 193 Minn. 544, 547, 259 N. W. 397, it is far from an improper method to pursue; and

where a party clearly indicates he is not pursuing the remedy of repossession, recovery as an incident to foreclosure cannot operate as a bar.

The conditional seller should not be prejudiced by his efforts to obtain the property in order to salvage all that can be realized. Such a procedure protects him from depreciation or abuse of the property in the hands of the buyer who is in default. It would be highly impractical for the seller to proceed by foreclosure without possession until the cause could be heard in the regular course of the district court calendar.

■ The lower court permitted the plaintiff to recover a deficiency judgment. We believe that the better view is that as an incident to the foreclosure a deficiency judgment may be recovered. Matteson v. Equitable M. & M. Co. 143 Cal. 436, 77 P. 144; First Nat. Bank v. Yocom, 96 Or. 438, 189 P. 220; Ballinger v. West Pub. Co. 44 App. D. C. 49; 2A U. L. A. (Bogert, Commentaries on Conditional Sales) p. 165, § 122. We have indicated in earlier cases that this is so. See Holmes v. Schnedler, 176 Minn. 483, 487, 223 N. W. 908; Ahlers v. Jones, 193 Minn. 544, 546, 259 N. W. 397. This view seems eminently sound. The purchaser has assumed the obligation. By pursuing this remedy of foreclosure the seller does not release the defendant from liability for the purchase price which he has undertaken to pay. The obligation still stands and can be enforced in equity when foreclosure proceedings are instituted. Thus complete relief is obtained through the assertion of a single remedy. Buyer and seller alike can be more adequately protected in the foreclosure action. The soundness of the view taken here becomes apparent when the nature of a conditional sale is considered. Its obvious purpose is the same as a chattel mortgage. While "title" is in the vendor the actual incidents of ownership are divided between the parties. Everything retained by the seller looks in one direction, viz., security. In this respect a conditional sale is closely analogous to a chattel mortgage or an outright sale with a mortgage back. 2 Williston, Sales (2 ed.) p. 1420, § 579. It is well settled in this state that upon the foreclosure of a chattel mortgage a deficiency judgment may be had. Beer v. Aultman-Taylor Co. 32 Minn. 90,

19 N. W. 388. Well considered decisions, through some application of the common-law analogy to chattel mortgages, have held that after retaking the property and crediting the proceeds to the debt due, the conditional vendor is still entitled to recover the balance due in the form of a deficiency judgment. Vold, Sales, p. 291, § 96.

■ It is argued, however, that the ordinary principles applicable to the usual conditional sales contract are not applicable because of the following clause in the contract:

"The purchase price, less any payment thereon, shall, at your option, immediately become due and payable, upon refusal of undersigned to accept the register when tendered, or to make any cash payment, or to execute and deliver the note or to make any payment provided for therein; you, or any person authorized by you, if you so elect, may immediately repossess the register, and retain as rental for use of said register while in the possession of undersigned, all payments, theretofore made."

The defendants contend that according to the contract plaintiff's rights are limited to a retention of the payments as rent where the vendor takes possession. We cannot agree. Contrary to the defendants' position, this provision did not operate to render the contract of sale simply a lease. The real intention of the parties is apparent from the instrument. It is evident a sale was intended.

The right to retake the property and retain the payments as "rental" was optional. The obvious purpose of the provision respecting "rental" was to accomplish by contract the right to retain payments made under the contract if and when the seller pursued the remedy of repossession of the chattel. Most courts hold that the buyer who defaults cannot recover payments made to the seller when the latter repossesses the property in satisfaction of his claim. Vold, Sales, p. 290, § 96; Livingstone v. Havens, 191 Minn. 623, 255 N. W. 120 (although the question was left open whether in a proper case we would interfere to prevent an inequitable forfeiture of payments); Duke v. Shackleford, 56 Miss. 552. Consequently, under the existing law retention of payments is an incident of the remedy of repossession. Since the conditional seller has the right under

our law to repossess and keep the payments, at least where the forfeiture is not inequitable, there does not seem to be any reason for saying that an express contract providing for the incidents the law would give anyway limits the seller's rights. The mere fact that the parties call it "rental" is by no means conclusive. It seems obvious that the buyer's interest was greater than that of a lessee. The very fact that the buyer could acquire title upon final payment irrespective of the will of the seller indicates that a sale was intended. Nothing in the contract indicates that the exclusive remedy was repossession. In fact, it is expressly made optional.

Therefore we hold that the clause does not constitute a limitation. The confusion evidenced by the defendants' argument arises from a misunderstanding of the nature of repossession when it is accomplished as an incident of the foreclosure. Possession is not obtained through the assertion of the remedy of repossession, although predicated upon the same right, but it is procured as one of the steps in the lien foreclosure proceedings. Consequently the clause respecting rental does not come into operation because the remedy to which it is applicable has never been invoked by the plaintiff.

It necessarily follows that the judgment of the trial court foreclosing the lien and allowing a deficiency judgment was correct.

Affirmed.