## BURROUGHS ADDING MACH. CO. v. DIAL.

### In re COLLIER.

(Circuit Court of Appeals, Sixth Circuit. November 13, 1918.)

No. 3157.

1. SALES ⟷464—CONDITIONAL SALES—RETAKING POSSESSION—STATUTE.

Gen. Code Ohio, § 8570, imposes a limitation only on the right of a conditional seller to retake the property on default, and was not intended to vitiate the contract, but merely to protect the purchaser.

2. SALES ⟷484—CONDITIONAL SALES—RETAKING POSSESSION—STATUTES.

Where it does not appear that, on attempting to retake possession of property conditionally sold, or otherwise, the seller had violated Gen. Code Ohio, § 8570, nor any law of Ohio, section 12464, providing that a seller who violates any of the provisions of law, in taking possession or repossession of the property, shall be fined, is not applicable.

3. SALES ⟷464—CONDITIONAL SALES—VALIDITY.

Conditional sale contracts are valid at common law, and, in the absence of an Ohio statute declaring such contracts, made in the state, illegal, or declaring it an offense either to make or attempt to enforce such conditional contracts, except under circumstances not existing in the present case, the Circuit Court of Appeals cannot hold that such an Ohio contract is illegal.

Appeal from the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Petition by the Burroughs Adding Machine Company against George S. Dial, trustee in bankruptcy of George A. Collier, bankrupt. From an order dismissing the petition, petitioner appeals. Reversed and remanded, with directions.

Floyd A. Johnston, of Springfield, Ohio, for appellant.

George S. Dial, of Springfield, Ohio, pro se.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McCALL, District Judge. This case is here on appeal from an order of the District Court, dismissing an intervening petition of appellant filed in the proceedings of George A. Collier, bankrupt, to recover from George S. Dial, trustee in bankruptcy, one Burroughs adding machine, or the balance of the unpaid purchase money due thereon. The case was heard on an agreed statement of facts, which present two questions for decision: (1) Was the contract of sale and purchase a Michigan or an Ohio contract? (2) If an Ohio contract, is it a legal and valid one?

The contract was executed by and between appellant and George A. Collier, the bankrupt, for an adding machine, and is in the usual form of conditional sales contracts; the consideration being $150, with $15 cash payment, title reserved in the vendor to secure deferred payments. The clause of the contract which is the occasion for this controversy reads as follows:

"In default of any payment, you or your agents may, at your option, take possession of and remove said adding machine without legal process; and in such case all payments theretofore made by the undersigned on account of this order shall be deemed and considered as having been made for the use of said adding machine during the time the same remained in the possession of the undersigned purchaser, and shall be retained and kept by you as such payment for rental and as liquidated damages; that the purchaser herein for himself and his successors in interest hereby waives, so far as is consistent with public policy, the benefits of any statute of this state, that may conflict with the conditions of this order, and any causes of action thereby given."

The contention of the trustee is that the contract under the laws of Ohio is illegal, and that therefore appellant is not entitled to any relief, for the reason that it cannot make out its case without the enforcement of an illegal agreement. The court below took this view, and held that the contract was in contravention of section 8570 of the Ohio General Code as construed and applied in Croneis Bros. v. Toledo Scale Co., 89 Ohio St. 168, 106 N. E. 5. Said section, in so far as it is here involved, is as follows:

"When such property * * * is so sold or leased, * * * the person who sold * * * shall not take possession of such property without tendering or refunding to the purchaser, * * * or any party receiving it from the vendor, the money so paid, * * * anything in the contract to the contrary notwithstanding. * * * But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent. of the contract price of the property."

[1] Speaking generally, the only prohibition in the statute is that the vendor shall not repossess himself of property conditionally sold without tendering or refunding to the purchaser the money theretofore paid on the property, although the contract may provide otherwise; but the vendor shall not be required to tender or refund any part of the amount paid unless it exceeds 25 per cent. of the contract price of the property. It imposes a limitation only on the right of the vendor to retake the property. It was not intended to vitiate the contract, but it does protect the purchaser.

[2] The agreed statement of facts shows that a true copy of the contract was duly filed in the office of the recorder of Clark county, as

required by section 8568 of the Ohio General Code. It not appearing that, on attempting to retake possession of the property or otherwise, the vendor had violated section 8570, supra, nor any law of Ohio, section 12464, which provides that a vendor who violates any of the provisions of law in taking possession or repossession of such property, shall be fined not more than $100, is not applicable.

[3] Conditional sale contracts are valid at common law, and in the absence of a statute of Ohio declaring conditional sale contracts made in that state illegal, or declaring it an offense either to make or attempt to enforce conditional contracts, except under circumstances not here existing, we are unable to agree with the court below in its conclusion.

The appellee cites and relies on Croneis Bros. v. Toledo Scale Co., supra, as determinative of this case. We find nothing in the syllabus of that case (which in Ohio is considered the ruling law of the case) contra to the views herein expressed, nor to the conclusion we reach that, under the laws of Ohio as applied to the case before us, the contract in question was neither illegal nor void. In the Croneis Case the vendor had never parted with the possession of the machine; the vendee having refused to carry out his contract to purchase. It was held that the contract was so far void as to forbid recovery by the vendor of the purchase price agreed to be paid. That case is clearly distinguishable from the present case. On the other hand, in Re National Cash Register Co., 174 Fed. 579, 98 C. C. A. 425, this court held that the statutory provisions in question were not applicable to the case of a vendor who was seeking to enforce a lien existing at common law, which has not been changed by statute. And see In re Bettman-Johnson Co. (C. C. A. 6), 250 Fed. 657, 666, 163 C. C. A. 3.

We deem it unnecessary to consider the other question, since it is conceded that, if the contract is a Michigan contract, it is valid and when registered in Ohio is enforceable there.

The result is that the case must be reversed and remanded, with direction that the trustee return to the petitioner the adding machine in question, or that he pay to it an amount equal to the reasonable value of the machine at the time it was sold by the trustee, not to exceed the amount of unpaid purchase money, with interest.