Day, J.
 

 The original action in this case was an equitable one to foreclose a lien arising by reason of a contract of conditional sale, among the provisions of which was contained a waiver of Section 8570, General Code.
 

 The paramount question for determination is whether the vendor of chattel property claiming to' have a lien, by reason of a conditional contract of sale, may maintain a suit in foreclosure in a court of equity without complying with the terms of Section 8570, General Code.
 

 
 *258
 
 It is to be noted that this is not an action at law for judgment on notes given at the time of the execution of the conditional contract, nor is it an attempt by replevin or otherwise to seize the property or chattels transferred by the contract of sale. The action seeks to set up a lien in a court of equity, and the record discloses that possession of the property has been taken by and is in the vendee, that over three-fourths of the purchase price has been paid, and that no attempt is made to retake or repossess the property. The issue, therefore, depends upon the right of the plaintiff in a court of equity to foreclose his equitable lien.
 

 Is he barred of that right by the provisions of Section 8570, General Code? That section provides in substance:
 

 “When such property * *
 
 *
 
 is so sold * * * the person who sold * *
 
 *
 
 shall not take possession of such property, without tendering or refunding to the purchaser, * * * the money so paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent, of the amount so paid, anything in the contract to the contrary notwithstanding.”
 

 ' The parties by their contract expressly waived this provision of the statute.
 

 The contention of the plaintiff in error is that the case of
 
 Croneis Brothers
 
 v.
 
 Toledo Computing Scale Co.,
 
 89 Ohio St. 168, 106 N. E. 5, is decisive of the matter in issue. The syllabus thereof reads:
 

 “Where notes are executed and delivered contemporaneously with the execution and pursuant to the terms of a contract for the conditional sale
 
 *259
 
 of personal property, which contains provisions in contravention of Section 4155-1
 
 et seq.,
 
 Revised-, Statutes, the payee of the notes -cannot maintain, an action thereon in the absence of conduct on the. part of the maker amounting to a waiver of his. right to defend against them.”
 

 It is to be noted that this was an action upon-notes containing provisions in contravention of the section in question, with no waiver of the right to defend against them. It might well be questioned at the outset whether that case would be controll-. ing in the present instance in the face of the ex^ press waiver of the parties, but, be that as it-may, the instant case is one in equity, not one at law upon promissory notes; it is an effort to-en-_ force in equity a lien created by a conditional contract of sale. In the
 
 Croneis Case
 
 there had been a breach practically at the inception of the contractual relations. But in the case at bar the parties have retained the benefits of the contract and have paid over three-fourths of the purchase price.
 

 This section of the General Code has been before the federal courts in several cases, and in the case of
 
 Burroughs Adding Machine Co.
 
 v.
 
 Dial,
 
 257 Fed. 547, 168 C. C. A. 531, the action was one to foreclose a lien existing under a conditional sales contract, containing a waiver of this very section of the General Code (8570), and the decision, a well-considered one, is, therefore, strongly in point in the case at bar.
 

 In that case it was the contention that under the. laws of Ohio the contract was illegal, and that, therefore, the Burroughs Adding Machine Company was not entitled to any relief, for the reason
 
 *260
 
 that it could not make out its case without the enforcement of an illegal agreement. The. district court held that the contract was in contravention of Section 8570, General Code, and denied relief, relying upon
 
 Croneis Brothers
 
 v.
 
 Toledo Scale Co.., supra.
 
 This judgment was reversed by the Circuit Court of Appeals, and the reasoning of the court is so applicable to the issues in the case at bar that we quote the same at some length:
 

 “ (1) Speaking generally, the only prohibition in the statute is that the vendor shall not repossess himself of property conditionally sold without tendering or refunding to the purchaser the money theretofore paid on the property, although the contract may provide otherwise; but the vendor shall not be required to tender or refund any part of the amount paid unless it exceeds 25 per cent, of the contract price of the property. .It imposes a limitation only on the right of the vendor to retake the. property. It was not intended to vitiate the contract, but it does protect the purchaser.
 

 “(2) The agreed statement of facts shows that a. true copy of the contract was duly filed in the office of the recorder of Clark county, as required by Section 8568 of the Ohio General Code. It not appearing that, on attempting to retake possession of the property or otherwise, the vendor had violated Section 8570,
 
 supra,
 
 nor any law of Ohio, Section 12464, which provides that a vendor who violates any of the provisions of law in taking possession or repossession of such property, shall be fined not more than $100, is not applicable.
 

 c‘
 
 (3) Conditional sale contracts are valid at common law, and in the absence of a statute of
 
 *261
 
 Ohio 'declaring conditional sale contracts made' in that state illegal, or declaring it an offense either to make or attempt to enforce conditional contracts, except under circumstances not here existing, we are unable to agree with the court below in its conclusion.
 

 “The appellee cites and relies on
 
 Croneis Bros.
 
 v.
 
 Toledo Scale Co., supra,
 
 as determinative of'this case. We find nothing in the syllabus of that case (which in Ohio is considered the ruling law of the case) contra to the views herein expressed, nor to the conclusion we reach that, under the laws of Ohio as applied to the case before us; the contract in question was neither illegal nor void. In the
 
 Croneis Case
 
 the vendor had never parted with the possession of the machine; the vendee having refused to carry out his contract to purchase. It was held that the contract was so far void as to forbid recovery by the vendor of the purchase price agreed to be paid. That case is clearly distinguishable from the present case. On the other hand, in
 
 In re National Cash Register Co.,
 
 174 Fed. 579, 98 C. C. A. 425, this court held that the statutory provisions in question were not applicable to the case of a vendor who was seeking to enforce a lien existing at common law, which has not been changed by statute. And see
 
 In re Bettman-Johnson Co. (C. C.
 
 A. 6), 250 Fed. 657, 666, 163 C. C. A. 3.”
 

 The case
 
 In re National Cash Register Co.,
 
 174 ton, Severens, and Warrington, of the Sixth Appellate Circuit, is also in point, the third syllabus being as 'follows:
 

 
 *262
 
 “Rev. St. Ohio, Section 4155-3 [now Section
 
 8570,
 
 General Code], which provides that it shall ,be unlawful for the vendor of property sold on condition ‘to take possession of said property’ without tendering or refunding to the purchaser, if he has paid 25 per cent, of the purchase price, the amount so paid, less a reasonable compensation for the use of the property, not exceeding 50 per cent, of such amount, does not apply where the peller, instead of taking possession and asserting ,his legal ownership, proceeds in equity, or by application to a court of bankruptcy having possession, to subject the property to sale for the payment of the remainder due thereon, in which case jthe purchaser’s equity, which it was the purpose of the statute to preserve, is protected by the court by awarding him, or his estate, all of the proceeds of the property above his debt.”
 

 In addition to above federal authorities, we think this court, in an action in replevin, has recognized this right of foreclosure in the case of
 
 Albright
 
 v.
 
 Meredith,
 
 58 Ohio St. 194, 50 N. E. 719, in which the construction of this section of the General Code was under consideration. Chief Justice Spear, in discussing the rights of the vendor, uses this language:
 

 “If, therefore, the company desired to avail itself of its right to subject the register to the payment of the balance due from Morrow, a tender in compliance with the terms of the statute was necessary, or perhaps it could have
 
 resorted to a foreclosure m a court of competent
 
 jurisdiction.”
 

 In view of the fact that there is no attempt to retake or repossess the chattels sold under this
 
 *263
 
 contract, but that the rights of the parties are to be measured in a court of equity upon the foreclosure of a lien, created by a contract already more than three-fourths discharged by the parties thereto, we find no such violation of the terms of Section 8570, General Code, as would invade the rights of the plaintiff in error as protected by that section.
 

 We are of opinion, therefore, that the conclusion reached by the Court of Appeals was right. Its decree should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.
 

 Wanamaker, J., not participating.