## C. I. T. CORP. v MORSE et

## NICHOLS v JENKINS et

Ohio Appeals, 6th Dist, Lucas Co

Nos. 2547 & 2551. Decided June 8, 1931

Meck & Meck, and W. C. Knisely, of Toledo, for C. I. T. Corp. and Nichols.

A. J. Croll, Toledo, for Jenkins and Morse.

**WILLIAMS, J.**

In the former proceedings in error the question is presented whether the second amended petition states facts sufficient to constitute a cause of action. It appears from that pleadings that The Arbuckle Company of Erie, Pennsylvania, leased and delivered to one E. L. Nichols, in the City of Erie, Pennsylvania, one Reo truck under a written lease for one year wherein said E. L. Nichols agreed to pay as rental for said truck the sum of $2,639.84, and the said E. L. Nichols paid upon the rental the sum of $815.00 in money and trade allowance and executed a promissory note for the balance, payable in twelve equal monthly installments, it being agreed in said lease that the title to said property was to remain in The Arbuckle Company until the payments were made, provided, however, that E. L. Nichols could exercise the option to purchase said property. The lease also contained a provision for the acceleration of the payments by lessor's electing to declare all of them due upon default in one or more payments, or in case the chattel was removed or attempted to be removed from the State of Pennsylvania. It further alleges that The Arbuckle Company, for a valuable consideration, assigned and transferred its interest in the contract of lease to The C. I. T. Corporation at Erie, Pennsylvania, and that a certificate of title evidencing the amount due The C. I. T. Corporation in the sum of $1,824.84 was duly filed on August 13, 1929, with the Department of Revenue of the Commonwealth of Pennsylvania in accordance with the laws of the State of Pennsylvania. Then follows the allegation that E. L. Nichols did remove the property, without the consent or knowledge of the plaintiff, The C. I. T. Corporation, to the State of Ohio and that said property was thereupon attached on August 19, 1929, under a writ of attachment issued by the Municipal Court of Toledo and was seized by the defendant Wilbur S. Morse as marshal of the Municipal Court. The second amended petition also contains the following averments with reference to Pennsylvania law:

"Plaintiff says that it is provided by statute duly enacted and in force in the State of Pennsylvania, and known as the Uniform Conditional Sales Act, that said lease agreements, as contained herein, are valid and binding upon all the parties thereto, or other persons, and that said lease agreements are not governed by the laws governing conditional sales agreements, but that the title to said property remains at all times in the lessor.

It is further provided by the decisions of the courts of the State of Pennsylvania, to-wit: Stern Co. v Paul, 96 Superior 112 (decided March 1, 1929), that said lease agreements are defined as a bailment lease, and are clearly distinguishable from a conditional sale agreement, and that the title to property under said agreements remains in the lessor.

Similar to the holding of the court in the above entitled case has been the decision of the Supreme Court of the State of Pennsylvania in the cases of Leitch v Sanford Motor Truck Company, Root v Republic Acceptance Corp., 279 Pennsylvania, 55, 57, Hoeveler-Stutz Company v Cleveland Motor Sales, 92 Pennsylvania, Superior Ct., 425, Comm v Williams, 93 Pennsylvania, Superior Ct., 92, and other decisions of the Supreme Court of said state. Said cases further held, and it is not (now) the law of said State of Pennsylvania as promulgated by its court of last resort and its statutes, that the mere fact that the bailee has an option to purchase the property during or at the expiration of the lease, does not transform the transaction into a conditional sale.

It is further provided that no tender back of a portion of the lease price is necessary upon the lessor retaking the property from the lessee."

The plaintiff then further sets forth in the pleading that E. L. Nichols, under the laws of the State of Pennsylvania, was merely a bailee of the truck and that the defendants unlawfully withheld the truck from the possession of the plaintiff and also sets out that the attachment was dissolved by failure to give proper appeal bond in the Municipal Court and that the defendants have no right to retain possession of the property.

For the purpose of determining whether prejudicial error was committed in sustaining the demurrer, we must assume the material averments of the second amended petition to be true. It is contended that this pleading is insufficient in law, because it is not alleged therein that plaintiff made tender or refund as required by §8570 GC. By the terms of this section, a vender under a contract of conditional sale, or one stand-

ing in his shoes, may not take possession of the property sold without tendering or refunding to the purchaser the money paid on the purchase price after deducting therefrom a reasonable compensation for the use of the property and damage thereto, if any, which in no case should exceed 50% of the amount paid, but no such tender or refund is necessary unless the amount paid exceeds twenty-five percent of the contract price. The rule is the same where the property is leased with provisions in the lease permitting the lessee to gain title to the property upon payment of a given number of installments of rent. Such a lease is, under the law of Ohio, a conditional sale. It is claimed that under the law of Pennsylvania the contract alleged was not a contract of conditional sale.

We shall first assume, for the purpose of inquiry, that the contract was a contract of conditional sale, and that §8570 GC applies, because it relates to the procedure only, as has been held. **Wurzel v Delph's Sons, 15 C. C., N.S., 75;** affirmed without opinion, **89 Oh St, 445.**

It has generally been held in Ohio that where the legal proceeding in which possession is taken by one retaining title under a contract of conditional sale is of such a nature that the rights of the party entitled to a tender or refunder can be determined in that action, a tender or refunder is not necessary because the retaking referred to in the statute does not apply to a retaking in a court action of such a character.

**Weil v State, 46 Oh St, 450, 455;**

**Speyer & Co. v Baker, 59 Oh St, 11;**

**National Cash Register Co. v Cervone, 76 Oh St, 12;**

**Parker Appliance Co. v Co-operative Machinery Co., 110 Oh St, 255;**

**Tischler v Seeley, 14 C. C., N.S., 236, 238.**

This rule has been held to apply in a replevin case. In Tischler v Seeley, supra, the court uses the following language:

"Now, so far as §4155-3, Revised Statutes, and under that Section 2 is concerned, which provides that the vendor of property conditionally sold can not retake possession without repaying part of the price paid, that is, he must tender or refund the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed fifty per cent of the amount so paid. Tischler was not the purchaser of the property but, assuming that he stood in the shoes of Searle, so far as the repaying of these sums is concerned, the Supreme Court in **Weil v State, 46 Oh St, 450; 455;**

expressly hold that the requisites of this section of the statute as to the refunder of the money paid do not apply where the property is taken by legal process; it only applies where the party takes possession of the property without resorting to the courts. Where it is by legal process, by replevin suit, foreclosure of chattel mortgage, or by suit on contract or conditional sale contract, where the rights of the parties can be adjudicated by the court, that tender is not necessary."

That cause was affirmed by the Supreme Court, without opinion in **60 Oh St, 629.**

We think it makes no difference in the instant case that the possession of the property was in the constable. E. L. Nichols was a party to the attachment case, and money tendered or refunded to the constable and accepted by him would have been held in the stead of the attached property.

In the case of **Albright v Meredith, 56 Oh St, 194,** a suit was brought for the amount due upon the conditional sale contract, judgment obtained and levy made upon the property covered by such contract, and in such a case there would be no opportunity to adjust the amount which should have been tendered or refunded.

The failure to make tender or refunder before beginning the replevin suit is not fatal, as such matter can be taken care of and the amount to be refunded determined in that suit.

Was the contract of lease made in Pennsylvania a contract of conditional sale, so that §8570 GC, would apply where possession of the goods is taken in Ohio?

We have considered the question as if §8570 GC applied, and have found that, if it does, replevin lies without making tender or refund previous to bringing suit. Let us now consider whether that section does apply.

In the instant case the contract was made in Pennsylvania, and so far as the substantive rights of the parties were concerned, they would be regulated by the law of that state. Plaintiff, in the second amended petition, avers that under the law of Pennsylvania the transaction was not a conditional sale but a bailment lease under which the lessee holds the property as bailee with option to purchase the same. The law thus pleaded as a fact was admitted by the demurrer. For the purpose of determining the demurrer, the contract was not a conditional sale under the law of the state where made, and therefore §8570 GC, although procedural, can have no application, as it applies to conditional sales only.

For the reasons given we think the court

210

committed prejudicial error in sustaining the demurrer as to the second amended petition.

As to the case of E. L. Nichols v Emma L. Jenkins, et al., we are of the opinion that the court erred in assessing costs of storing the attached property against the defendant below, E. L. Nichols. The plaintiff in the attachment case failed to recover in the Municipal Court and did not file an appeal bond which would take up the attachment. After the Court of Common Pleas ordered that upon failure to give additional bond in the amount of $1300.00 within the time named, the attached property shall be released from further detention and returned to the defendant, the additional bond bond was not given and the attachment was therefore discharged. The plaintiff, having failed to sustain the attachment, was not entitled to recover costs made on the attachment.

In the case of The C. I. T. Corporation v Wilbur S. Morse, et al., the judgment of the Court of Common Pleas will be reversed for the reasons given and the cause remanded with directions to overrule the demurrer to the second amended petition and for further proceedings according to law.

In the case of E. L. Nichols v Emma L. Jenkins, et al., the judgment of the Court of Common Pleas, in so far as it relates to adjudging costs of storage in the sum of $119.50 against the defendant E. L. Nichols, will be reversed for the reasons given, and the cause remanded for further proceedings not inconsistent with this opinion.

LLOYD and RICHARDS, JJ, concur.