**HOLLAND FURNACE CO v JOY et**

Common Pleas Court, Columbiana Co

No 24104.   Decided Feb 23, 1934

William H. Vodrey, East Liverpool, for plaintiff.

Wells & MacDonald, Wellsville, for defendants.

**OPINION**

By LONES, J.

It is claimed by Joy and The Perpetual Savings and Loan Company that the heater and equipment replevined in this case are fixtures and part of the real estate, and that by reason of the same becoming part of the real estate, the mortgage to The Perpetual Savings and Loan Company is a prior lien to the lien of the conditional sale contract. By the conditional sale contract the plaintiff reserved the title until the heater and equipment would be fully paid for. It did not reserve the title to the first item, but only to the second one, above mentioned, that is to the heater and piping in the basement.

It is admitted that the property included in the first item became fixtures and part of the real estate, and that the mortgage is a first lien on it; but it was not replevined and is not in controversy in this case. But it is denied in the brief of plaintiff that the second item became part of the real estate.

There can be no question but what this heater and piping in the basement would have become a part of the real estate and subject to the Loan Company mortgage were it not for the contract, in which the title to the property was retained by the plaintiff. The agreement of the plaintiff and Joy shows it was the intention when the heater was placed in the basement that it would not become part of the real estate; and it is the law in a case such as this, where the removal of the fixtures will not materially injure the premises, the seller thereof retaining title thereto, may assert his right as against a prior mortgagee of the realty.

See note 10 American Law Reports, Vol. 13, page 461. Davis v Bliss, 79 NE 851; 10 L.R.A., N.S. 458 (New York).

In a recent case, Lenoir Land Co. v Heating Co., 63 SW (2 series), 659 (Tenn.), it is held that a furnace instaled under conditional sale contract after mortgage on the house was executed, constitutes no portion of the security under the mortgage where the seller of the furnace retained title and right of possession under a conditional sales contract and the furnace could be removed without injuring the freehold and the seller has superior claim to that of the mortgagee under real estate mortgage executed before installation.

This is also true where the seller takes a chattel mortgage. **Frigidaire Sales Corp. v Katz, 29 Nisi Prius Rep. N.S., 595.** This case was affirmed by the Court of Appeals.

**C. D. Hine, assignee v Morris, 3 Law Bulletin, 515; 7 Ohio Decisions (reprint), 482.**

The contract retaining the title shows the intention of the parties that it should remain personal property and not become real estate. And the intention of the parties is one of the material elements to be considered in determining whether any given article of personal property becomes part of the real estate or remains personal.

Sec 8570, GC, provides in substance that when personal property is sold and the title retained until all the installments of the purchase price are paid the vendor shall not take possession of the same without tendering to the purchaser the money paid after deducting a reasonable compensation for the use of the property not exceeding 50% of the amount so paid. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds 25% of the contract price of the property. The contract provides that "the heating and piping in the basement shall

remain pesonal property at all times" and that the title to the same shall remain in the vendor until final payment made, whereupon title shall vest in the vendee. The vendee paid $243.12, which is more than 25% of the entire purchase money, and it is claimed by defendants that the replevin action cannot be maintained because tender has not been made of the purchase money paid less reasonable compensation for the use not exceeding 50% of the amount so paid.

But the contract, as before stated, divides the property and provides that all money paid shall be credited to the first item until payment for the same shall be fully made and all further payments shall be considered to have been made on the second item, that is the property replevined in this case, the heater and piping in the basement. The first item is $200.00. The sum of $243.12 has been paid, and therefore $43.12 has been paid on the heater and piping in the basement, which is less than 25% of the contract price of the same, and therefore under the statute plaintiff was not required to refund any part of the amount paid.

But it is claimed that the contract is not divisible. **Cockley v Brucker, 54 Oh St, 214, 226,** is cited in support of this contention. However, it is stated in that case that the contract there in controversy does not contain any provision making a division. And it is held in **Huntington & Finke Co. v Lumber & Supply Co., 109 Oh St, 488,** that whether a contract of sale is entire or divisible depends generally upon the intention of the parties. In this case the contract itself provides it is divisible and expresses the intention to be that it is divisible. And in Reeves & Co. v Black, 139 NW 780, it is said at page 782:

"The contract was divisible, because the price at which each separate article was sold was specified."

And that is the situation in this case.

If more than 25% of the purchase price had been paid, the property could be replevined without tendering back any part of the amount paid and the refunder would be made in the judgment in the replevin case by awarding it as damages. **C. I. T. Corporation v Morris, 42 Oh Ap 94, 100, ('10 Abs 207).**

But as the contract is divisible; made so by the provisions of the contract itself and as the contract provides that all payments made shall be first credited to the purchase of the property not in controversy in this

case, and as 25% has not been paid on the property replevined, defendants are not entitled to have any part of such payments refunded.

The contract contains the following:

"In case default is made in any payment when due we retain and shall have the right to remove the heater and piping in basement and retain all payments hereunder as and for the reasonable rental thereon."

It is claimed by defendants that by reason of the above provision the contract is purposely drawn to defeat the statute governing conditional sales and that the contract is void and illegal. Under §8570, GC, the vendor is entitled to deduct from the payments made a reasonable compensation for the use of the property not exceeding 50% of the amount the vendee has paid. The above provision of the contract permits the seller to deduct as compensation for the use the amount paid, whether such amount is reasonable compensation or not. Hence said provision is illegal and void, but does it result that the other parts of the contract are thereby void and not enforceable.

The case of **Croneis Bros. v The Toledo Computing Scale Company, 89 Oh St, 168,** is relied upon by defendants in support of their claim. That case was one in which the Scale Co. sold Croneis a scale by a contact which provided that the purchase price was payable in installments and which contained a provision in substance the same as in this case to the effect that the seller retained the title and that in default of payment of any installment the vendor had the right to retain all payments as compensation for the use of the scales. Notes were given for the amount of the purchase price.

The Supreme Court held that an action could not be maintained on the notes in the absence of conduct on the part of the maker of the notes amounting to a waiver of his right to defend against them.

On first reading this decision it would appear that the court held that the above mentioned illegal part of the contract rendered the whole contract illegal and void and that by reason there of no action could be brought on it. But on reflection it is apparent the court did not so hold. or intend to so hold.

It is stated in the syllabus that an action could not be maintained on the notes in the absence of conduct on the part of the maker of the notes amounting to a waiver. It is

elementary that a party to an illegal contract cannot waive his right to set up the defense of illegality in any action on the contract. It is therefore apparent that the court did not base its decision on the entire contract being illegal.

It is said in 13 Cor. Jur., 506:

"A party to an illegal contract cannot, either at the time of the execution of the contract or afterward, waive his right to set up the defense of illegality in any action thereon by the other party."

"A contract malum in se or against public policy cannot be made valid by ratification; but an act or contract which has been declared void by statute for the protection or benefit of a certain party or class of parties is voidable only and is capable of ratification by the acts or silence of the beneficiary or beneficiaries, except when in contravention to any public reason or public policy."

Same Volume and page.

Afterwards it was held in **The Parker Appliance Co. v The Co-Operative Machinery Co., 110 Oh St, 255,** that the vendor in a conditional sale contract wherein the vendee expressly waived the benefit accruing to him by virtue of said §8570, GC, has the right to maintain a suit in equity to foreclose the lien created by the conditional sale contract. Of course, if the entire contract was illegal it would be illegal and could not be enforced in equity or in law. The opinion, however, states that the case was not an action on the notes or to replevin the property. The opinion further distinguishes the case from the Croneis case supra as follows:

"In the Croenis case there had been a breach practically at the inception of the contractual relations. But in the case at bar the parties have retained the benefits of the contract and have paid over three-fourths of the purchase price."

The same distinction may be made in the instant case.

In the Croneis case the vendee signed the contract but refused to receive the scales and thereby rescinded the agreement, and this fact is given as one, if not the sole reason for the decision.

Taking the two above cited cases together and applying the reasoning upon which they are based to this case, the conclusion is:

1. A conditional sale contract containing the foregoing provision is not illegal and

void in its entirety, but the part above mentioned is illegal and void.

2. The illegal part being one of the considerations for the promise to pay the vendee could rescind, if done promptly and as permitted by the law relating to rescission, as was done in the Croneis case by refusing to receive the property.

3. The vendee may waive the defense of illegality by receiving the property and making payments on it.

The defendants in this case did not rescind. On the contrary the buyer received the property and made several payments and thereby waived the defense of illegality of the contract except the part thereof above quoted.

The finding and judgment is in favor of plaintiff. The costs are adjudged against the defendant Joy. Exceptions noted.