Patterson et al. *v.* The National Cash Register Co.

(Decided March 19, 1936.)

*Mr. R. M. Winegardner* and *Mr. L. J. Weber,* for plaintiffs in error.

*Mr. Donald Goldsmith,* for defendant in error.

Lemert, P. J. This cause comes into this court upon a petition in error from the Court of Common Pleas of Morgan county.

The errors complained of in the petition are numerous, but in oral argument and in the briefs the principal questions complained of are, first, that the court below overruled motion to strike certain verbiage from the petition, on the grounds that the language complained of was evidentiary matter and prejudicial to plaintiffs in error. We find that there is no merit to such contention and that plaintiffs in error failed in argument or brief to show in what manner they were

prejudicial, and it therefore follows that this ground of error is not well taken and the same is overruled.

The main and principal contention in this case is upon the ruling of the court on the general demurrer to the amended petition and the demurrer to the amended petition and the demurrer to the amended answer, and for the purposes of this opinion we are of the belief that they may both be considered together.

The answer of C. L. Lindsay, and of R. M. Winegardner, as assignee, alleged one defense, to wit: that the cash register involved herein was bought at a sale had and held by the assignee, who was duly ordered and directed by the Probate Court of Morgan county, Ohio, to sell the assets of Besse C. Patterson, among which was this cash register.

Later C. L. Lindsay, and R. M. Winegardner, as assignee, filed an amended answer as follows:

1. That the plaintiff did not refile its conditional sale contract within three years of the original filing thereof with the Recorder of Morgan county, Ohio.

2. That the plaintiff, The National Cash Register Company did not offer to pay or tender or refund to Besse C. Patterson, R. M. Winegardner, her Assignee, or C. L. Lindsay, the amount paid The National Cash Register Company, or any part thereof, and that the said C. L. Lindsay is holding said cash register under a sale duly made by the Assignee.

To this answer and amended answer the plaintiff filed its demurrer, which was sustained.

So that the principal question and the one of importance in this case is whether or not under the laws of the state of Ohio it was and is required to refile a conditional sale contract within three years of the date of the original filing thereof. If it is determined that it was not necessary to refile a conditional sale contract after three years, then all the other propositions and claims of defense of plaintiffs in error must fail,

and the title of The National Cash Register Company to its cash register will continue in force and effect until the conditional sale contract entered into with Besse C. Patterson is fulfilled in its entirety, when the title thereof will pass from The National Cash Register Company to Besse C. Patterson or her successor under the contract.

The Conditional Sales Statute, passed in 1925, and being General Code Section 8568, provides as follows:

"When personal property is sold to a person to be paid for in whole or part in installments, or is leased, rented, hired or delivered to another on condition that it will belong to the person purchasing, leasing, renting, hiring, or receiving it, when the amount paid is a certain sum, or the value of the property, the title to it to remain in the vendor, lessor, renter, hirer or deliverer thereof, until such sum or the value of the property or any part thereof has been paid, such condition, in regard to the title so remaining until payment, shall be void as to all subsequent purchasers and mortgagees in good faith and for value, and creditors unless the conditions are evidenced by writing, signed by the purchaser, lessee, renter, hirer or receiver thereof, and also a statement thereon, under oath, made by the person so selling, leasing or delivering the property, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that it is a copy, be deposited with the county recorder of the county where the person signing the instrument resides at the time of its execution, if a resident of the state, and if not such resident, then with the county recorder of the county in which the property is situated at the time of the execution of the instrument."

The above section was construed in the case of *National Cash Register Co.* v. *Farmers Natl. Bank,* 1 O. D. (N. P.), 285, 31 W. L. B., 114, wherein it was de-

cided that a conditional sale contract is not controlled by General Code Section 8565, requiring it to be refiled. Ohio Jurisprudence, Volume 7, page 230, recites: ''The rules as to the filing of the two kinds of instruments [chattel mortgages and conditional sale contracts] are much the same though contracts of conditional sales on installments do not have to be refiled as is required of chattel mortgages.''

This particular section was also construed by the United States Circuit Court of Appeals, Sixth [Ohio] Circuit, in the case of *Arthur* v. *Parsons Co.*, 224 F., 47, wherein the court said:

''The statute [Ohio] * * * makes no provision for a refiling of the contract, and in the absence of such provision we cannot believe that it was the intention of the Legislature to accomplish a result so inequitable as the loss of the vendor's lien or title through the mere renewal * * * of unpaid promissory notes given for purchase price. Had the legislature intended such result, the natural evidence of such intention would be the requiring of record of a new notice of every change in the amount or form of indebtedness subsequent to the original filing of the contract.''

Not all statutes require a refiling or a renewal of the contract after it has once been recorded or filed. In the absence of the statute requiring a renewal or refiling, such renewing or refiling is not necessary.

There is a distinction between chattel mortgages and conditional sales in this regard, a chattel mortgage is required to be refiled and renewed every two years, while the conditional sale is good without renewal until payment. *Big Four Implement Co.* v. *Wright*, 207 F., 535.

The contention of the plaintiffs in error that equity and justice demand that a vendee under a conditional sale contract should not be furnished the opportunity

under the law to hide behind a contract that might appear from the record to be a sale of thousands of dollars, but actually a sale with a small amount yet due thereon, to the prejudice of creditors of an insolvent, would open the doors for fraud. We do not agree with this contention for the reasons that a receiver, or an assignee for creditors, or a trustee in bankruptcy, is bound by the duties of his office to investigate and determine the actual amount and value of the insolvent's equity in the chattel. His failure to investigate the value of these assets would place him in a position of jeopardy in so far as his bondsmen are concerned. The purpose of filing a conditional sale contract is to protect the vendor in so far as his interest in the chattel is concerned.

The fact that The National Cash Register Company has retained the legal title to the cash register does not force upon it the requirement that it must either replevin the machine or tender back a portion of the purchase price to seize it as upon execution. The National Cash Register Company is permitted to elect which remedy it wishes to pursue. It may desire to either replevin or to foreclose its lien in a court of equity. That a suit in equity to foreclose its conditional sale contract lien can be adopted has been decided by many authorities. *Albright* v. *Meredith,* 58 Ohio St., 194, 50 N. E., 719; *Parker Appliance Co.* v. *Machinery Co.,* 110 Ohio St., 255, 143 N. E., 891.

These decisions clearly give the right to The National Cash Register Company to elect to proceed in a court of equity to foreclose its lien.

There is some question raised in this case as to what interest the assignee receives by the assignment. This question is settled by *Lindemann* v. *Ingham,* 36 Ohio St., 1.

In the case of *Hart* v. *Globe Iron Works,* 37 Ohio St., 75, it was held:

"The interest of the assignee therein is not greater than the interest which the assignor had, though the assignee is entitled to possession for the purpose of converting the property into money."

In the case at bar the interest of Patterson, assignor, passed to Winegardner, assignee, and then passed under the jurisdiction of the Probate Court, but it must be remembered in the instant case that nothing but the interest passed. The title remained in The National Cash Register Company.

The record discloses that pursuant to an order issued from the Probate Court, directed to the assignee, the assignee sold the assets so directed, and made a report to the Probate Court of the sale of same, and asked the court for a confirmation. The record further discloses that on September 13, 1933, the Probate Court approved and confirmed the sale made, by a journal entry shown in the record.

In the present case The National Cash Register Company owned and possessed the title to this cash register. Bessie Patterson had an interest therein, but not the title. Therefore when she made her assignment all that passed was her interest. The assignee could pass on nothing but what he received, and his right does not increase because of his being an assignee. Therefore, in the instant case, Winegardner, the assignee, could not pass the title when he never had it.

So, entertaining the views above expressed, we are of the opinion that there is no error in this record, and it therefore follows that the finding and judgment of the court below will be and the same hereby is affirmed.

*Judgment affirmed.*

MONTGOMERY and SHERICK, JJ., concur.