ALLIE GROEN, Appellee, v. A. G. FERRIS, Appellant.

**TRIAL: Combining Equitable Issues Arising at Law and in Equity.**
1  Equitable issues, practically identical, and arising in two actions, one at law (replevin) and one in equity, between the same parties, over the same subject-matter, may very properly be consolidated and tried in the equitable action, especially when a trial of the equitable issues will be determinative of the entire controversy.

**EQUITY: Doing Equity—Forfeiture.** Equity will not permit a con-
2  tract forfeiture for nonpayment of a balance due, when it appears that the property has already been paid for in an amount grea     in     ss of its value.

A                              *District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 16, 1920.

REHEARING DENIED MAY 17, 1920.

SUIT in equity for an accounting and other equitable relief. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Herrick & Herrick,* for appellee.

STEVENS, J.—A somewhat extended statement of the record is necessary to a complete understanding of the questions involved upon this appeal. On January 16, 1917, plaintiff and defendant entered into a contract in writing, by the terms of which the defendant, in consideration of $5,000, agreed to sell to the plaintiff the following described personal property, to wit:

1. TRIAL: combining equitable issues arising at law and in equity.

"All the furniture, fixtures, draperies, booth, two (2) picture machines (2 power 6-A), picture screen, and other accessories now in and used for the operation of the theater known as the 'Happy Hour,' in the two-story brick building located on Lot 29, 222 West Main Street in Block eight (8), New Cherokee, Iowa; and consisting principally of the following described property, to wit:

"Two Powers 6-A, N. P. one concrete booth, twelve electric fans, three hundred and fifty chairs, one piano, six ceiling lamps, one electric sign, one Meroid screen, one small electric ad sign, four brass one-sheet lithograph boards, one brass three-sheet board, one combination one-sheet and folder frame, two lavatories, one hot air furnace, one connected cooling system, one large writing desk, one organ, one large mirror, and all electric fixtures, including ornamental front and all other draperies, furniture and fixtures that are now being used and connected with the said Happy Hour Theater.

"Also the fixtures, draperies, scenery and properties now being used in the Grand Opera House, such as scenery, drops, one Powers 6-A N. P., one galvanized iron booth, one transformer, two sets of scenery, one double drop, two single drops, one street, one wood, one new garden drop, pass-out checks, coupon tickets, and such other properties and accessories, now being used in said Grand."

The contract provided for the payment of the purchase price as follows:    $600 cash, upon the execution of the contract; $2,900 by the conveyance to defendant of a certain residence property owned by plaintiff, in Rock Rapids, Iowa; the balance in monthly payments of $40 each, payable on the first day of each month, commencing March 1, 1917, and ending on December 1, 1918, except that the payment on January 1, 1918, was to be $300, and the one on January 1, 1919, $360. The contract further provided that, if plaintiff failed to make the payments, as specified in the contract, she would forfeit $1,500 to defendant as liquidated damages, and all her rights under the contract. Time was made of the essence of the contract, which further provided that, in the event plaintiff failed to make her payments as agreed, defendant might terminate the contract by serving upon her a 30-day written notice of his intention to declare such forfeiture. The effect of the giving of such notice was to render the contract null and void, and to forfeit all rights of plaintiff to the property and to the portion of the purchase price paid. The last payment made by plaintiff was $300, due January 1, 1918, but same was not paid when due. A notice of forfeiture was served, July 10, 1918, and on August 13th, written demand was made for the possession of the property situated in and belonging with the Happy Hour Theater. Plaintiff having refused to permit defendant to take possession of the property referred to in the written demand, defendant, on August 19th, commenced an action in replevin, and thereby obtained possession thereof. On August 23d, this action was commenced by Mrs. Groen, and a temporary injunction, restraining the defendant from selling, incumbering, or using the property seized by the

sheriff under the writ of replevin, was granted.

Plaintiff alleged in her petition that, before the contract above referred to was entered into, defendant represented that he was the owner of a piano and numerous other articles described in said contract, of the value of $500, which she had since learned that he did not own; that, at the time the notice of forfeiture was served, and the replevin action commenced, he was not the owner thereof, and could not deliver the same to plaintiff; that nothing was due under the contract; that defendant had wrongfully taken possession of the opera house, and deprived plaintiff thereof; that an accounting was necessary, to ascertain the exact amount, if anything, due plaintiff under the contract; and that he was insolvent. She prayed that an accounting be had; that plaintiff be declared to be the owner of the property in controversy; and that defendant be held to have acquired no right to the property by his attempted forfeiture of the contract; for a temporary injunction, as stated, and general equitable relief.

On August 28, 1918, the defendant herein filed an answer in the equity suit, and a motion to dissolve the temporary injunction. On October 30th, this motion to dissolve was overruled. On November 18, 1918, plaintiff in this suit (defendant in the replevin action) filed her answer, which is in two divisions, in the replevin action. In the first division, she denied generally the allegations of plaintiff's petition, and admitted the execution of the contract, the service of the notice of forfeiture, and written demand for possession of the property, and that no payments had been made on the contract since January 1, 1918; and in the second division, set up substantially the same matters as are contained in her petition in the equity suit, and asked for the same equitable relief.

On November 26th, plaintiff herein (defendant in the replevin suit) filed a motion to have the issues set forth in the second division of her answer in the replevin action tried in equity, and that same be consolidated with the equity suit for that purpose. This motion was sustained.

On January 25, 1919, the defendant herein (plaintiff in the replevin action) filed a motion to vacate and set aside the order of the court to try the second division of the answer in the replevin action in equity, upon the ground that no equitable issue was tendered thereby. The court having overruled this motion, a trial was had of the equitable issues, as consolidated.

Appellant complains of all adverse rulings of the court, and proceeds to argue the case upon the theory that the court ordered the replevin action transferred to equity for trial.

During the progress of the trial, plaintiff herein withdrew from her petition, and also from her answer in the replevin suit, the prayer for an accounting; but the trial was concluded upon the remaining issues, without further objection on the part of the defendant. The court, in its decree, found that the defendant herein did not have a right to forfeit or rescind the contract of purchase, and that the notice served was ineffectual for that purpose, and that, at the time the replevin action was commenced, Mrs. Groen was the absolute owner of the property described in the petition, and entitled to the possession thereof; and ordered same returned to her, and entered judgment for costs against the defendant herein; but did not determine what amount, if anything, was yet due the defendant upon the contract, leaving that matter open for subsequent determination.

I.   Section 4164 of the Code provides that actions for the recovery of specific personal property shall be by ordinary proceedings, without joinder of any other cause of action, and that no counterclaim shall be allowed therein. Code Section 3435 authorizes the trial of issues heretofore exclusively cognizable in equity, tendered in a law action, in equity. This statute is applicable to equitable defenses interposed in actions for the recovery of specific personal property. *Palmer v. Palmer,* 90 Iowa 17.

The statute does not, however, in such cases, authorize the court to try the law issues in equity, and thereby de-

prive plaintiff of a trial thereof to a jury. *Johnston & Son v. Robuck,* 104 Iowa 523. The transfer of equitable issues in a law action does not, however, affect the right of the plaintiff to a jury trial on the other issues presented. *Tufts v. Norris,* 115 Iowa 250.

If, therefore, the court in the case before us transferred the replevin action to equity for trial, the ruling was erroneous. The record discloses, however, that the motion to transfer, referred only to the second division of defendant's answer, which set up the alleged equitable issues. Whether the court committed error in sustaining the motion to transfer the second division of defendant's answer to equity for trial, depends upon whether an issue heretofore exclusively cognizable in equity was presented thereby. We think it did; but it is not really necessary for us to pass upon this question, for the reason that both actions were between the same parties, based substantially upon the same transaction, and a decision of the issues in the equitable suit alone would necessarily have decided the issues in the law action. Under such circumstances, the court, in the exercise of a sound discretion, should have tried the equity suit first. *Twogood v. Allee,* 125 Iowa 59; *Dille v. Longwell,* 169 Iowa 686; *Tinker v. Farmers State Bank,* 178 Iowa 972.

Plaintiff in the replevin action alleged in his petition that he was the absolute and unqualified owner of the property in controversy. His right to maintain the action depended upon the truth of this allegation, 2. EQUITY: which, in turn, depended upon whether the doing equity: attempted forfeiture of the contract would forfeiture. be sustained by the court. It is unnecessary to cite authorities to the point that equity does not favor forfeitures, and especially where the result thereof will be to give one party an unconscionable advantage over another.

In this case, the property in controversy, according to the testimony of the defendant herein, and the value placed thereon in the replevin petition, was about $1,000. The record discloses that plaintiff has, in fact, paid him $4,200

upon the purchase price, and he still claims a balance due thereon of $800. By his attempted forfeiture of the contract, he claimed the right to receive the property back, and also to retain the portion of the purchase price paid. Surely, a court of equity will not permit a forfeiture, under such circumstances. The court below could not properly have reached a different result, if, instead of 'a consolidation of the equitable issues in the two cases, a trial had been had of the equity suit alone. The right to forfeit the contract must, in any event, have been denied. As above stated, the court, under the circumstances of this case, had a right, in the exercise of a sound discretion, to try the equity suit first. Defendant was not, therefore, in any way prejudiced by the consolidation of the equitable issues in the two cases for trial. The court made no specific finding as to whether any of the property described in the contract was not owned by the defendant at the time he served the notice of forfeiture, but it satisfactorily appears from the evidence that he did not own the piano and some other articles which we need not enumerate. The court did not try the replevin action in equity, as counsel for appellant contends; but the necessary effect of the decree entered therein is to render a successful prosecution thereof impossible. The court tried and decided equitable issues only.

Other questions are discussed by counsel for appellant, but a decision thereof favorable to his contention would not affect the conclusion above announced. It follows that the decree and judgment of the court below must be and is— *Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.