F. E. BAGNARD, Appellee, v. INTERSTATE FINANCE CORPORATION, Appellant.

No. 45375.

NOVEMBER 19, 1940.

REHEARING DENIED FEBRUARY 14, 1941.

M. F. Fields, for appellee.

Kildee & Kildee, for appellant.

STIGER, J.—On May 12, 1936, defendant sold plaintiff a 1935 Ford sedan and a 1935 Dodge truck for $1,088.68. Plaintiff paid $550 cash and executed his note for $538.68 payable in 12 monthly installments of $44.89. The conditional sale contract contained the following provisions:

"1. Title to said property remains in the Dealer until the entire purchase price is fully paid in cash and until this contract is fully performed.

"2. The purchaser shall keep said property free of all taxes, liens, and encumbrances.

"3. If the purchaser defaults in complying with the terms hereof, or the dealer deems the property in danger of misuse or confiscation, the dealer or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose the dealer may enter upon the premises where said

property may be and remove same. The dealer may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the purchaser (if given, notice by mail to address below being sufficient), with or without having such property at the place of sale, and upon such terms and in such manner as the dealer may determine; the dealer may bid at any public sale. From the proceeds of any such sale, the dealer shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser.

"4. Any repossession or retaking or sale of the property pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash."

Subsequently, plaintiff gave a mortgage in the sum of $500 on the automobiles to Frank Clute who was helping plaintiff financially.

On February 15, 1937, plaintiff being in default, defendant secured possession of the cars under a writ of replevin and sold them in March 1937. In September 1937 a judgment was entered for defendant (plaintiff in the replevin suit) finding that it was entitled to possession of the automobiles on the day they were taken under the writ.

Plaintiff alleged in his petition that on February 15, 1937, he was delinquent on his installment payments in the sum of $179.56; that defendant demanded possession of the automobiles and obtained possession of them under a writ of replevin; that thereafter and before a decision was rendered in the replevin action, defendant resold the automobiles for $770; that the said sales were made without notice to this plaintiff and after this plaintiff had offered and tendered the balance due on the said mortgage; that the defendant has never accounted to this plaintiff for the surplus received over and above the amount of the said mortgage and has never paid this plaintiff any amount for the plaintiff's equity which was sold as aforesaid. Plaintiff demanded judgment for the difference between the amount of his debt to defendant and the resale price of $770, that is, he demanded judgment for $591. Defendant admitted that plain-

tiff defaulted in his payments and that it elected to forfeit the contract because of plaintiff's default and sued for and recovered possession of the property by an action in replevin in the municipal court of the city of Waterloo, Iowa.

At the close of defendant's evidence, the court permitted plaintiff to amend his petition which stated that the reasonable market value of the two automobiles at the time of the resale was $770.

The court overruled defendant's motions for directed verdict, in arrest of judgment, for new trial and exceptions to instructions.

Plaintiff claims he paid the first five installments—June to October, inclusive—and that Mr. Clute made the installments due in November, December and January. Defendant claims only seven installments were paid. As there is evidence to sustain plaintiff's contention, we will assume there were $179.56 due on the contract at the time of the repossession.

 There is no merit to plaintiff's contention that the sales were made without notice to him and after he had tendered the balance due on the mortgage. The contract provided for a public or private sale without notice to plaintiff.

The record shows, beyond question, that plaintiff was in default when defendant repossessed the automobiles by a writ of replevin and defendant was entitled to possession of the cars.

Whether plaintiff made a tender is questionable; if he did make a tender, it was in the sum of $179.56, and the tender was not good because it was made after the cars were repossessed.

In Smith v. Russell, 223 Iowa 123, 131, 272 N. W. 121, 126, the opinion states:

"And we know of no rule of law by which the buyer may in replevin suit effect a redemption by tendering the balance due after he has lost possession of the same."

Plaintiff claims defendant sold the cars for $770, while defendant claims they were sold for $224.45. A determination of this issue is unnecessary. Nor do we need to consider the question of the reasonable market value of the cars.

 Defendant's first assignment of error is that the court erred in overruling its motion for a directed verdict. The motion should have been sustained.

Plaintiff's complaint is that defendant did not pay the proceeds of the sale less the amount of his indebtedness to defendant and the expenses of repossessing the cars and the resale. The contract states that "from the proceeds of any such sale, the dealer shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser."

We quote from the cross-examination of Mr. O'Donnell, branch manager for defendant, who sold the cars to plaintiff:

"Q. Did you have any expenses in selling these cars? A. Oh, we had some expenses.

"Q. What was it? A. I cannot definitely say here.

"Q. Did you have any? A. Replevin expenses, bond, and Kreiman's expenses, and so on.

"Q. Did you have any? A. Yes, we had some expenses, legal fees, and so on.

"Q. You cannot tell the jury what that was? A. I cannot right at this moment, I could if I could get to my office."

Plaintiff did not pursue the inquiry and there is no evidence of the amount of the expenses.

Plaintiff bases his right to recover on the contract. The instructions placed the burden on plaintiff to establish the amount of the excess in the hands of the defendant and that defendant failed to account to plaintiff for such amount. Plaintiff does not claim that he did not have the burden of proving the amount of the expenses of repossession and resale. His position is that this was not necessary because the sale was wrongful on the grounds (1) that it was without notice to him and (2) that he tendered the balance due on the contract before the sale. As above shown, there is no merit to plaintiff's attack on the sale.

It is not necessary for us to consider other assignments of error. For the reason stated, the case is reversed.—Reversed.

SAGER, MILLER, BLISS, MITCHELL, and HAMILTON, JJ., concur.

OLIVER, J., dissents.