ROBERT M. CLEARY, appellee, v. M. A. WOLIN, appellant.

No. 48319.

(Reported in 58 N.W.2d 830)

JUNE 9, 1953.

R. Lee Black, of Des Moines, for appellant.

Herrick & Langdon, Ross H. Sidney and Robert L. Sandblom, all of Des Moines, for appellee.

MULRONEY, J.—In this automobile case the collision occurred when the defendant made a left turn off of a four-lane highway directly into the lane occupied by plaintiff, who was approaching from the opposite direction. Plaintiff sued for $475.81, the

damages to his car, and recovered judgment for that sum in a jury-waived trial. Upon this appeal defendant does not challenge that part of the trial court's finding holding him negligent. The attack is directed to the trial court's finding that plaintiff was free from contributory negligence.

■■■ I. Defendant seems to argue the usual binding effect of a trial court's conclusion of fact is not present here, where the facts are not in dispute. It is true the record filed by defendant presents no fact dispute. It is merely the plaintiff's evidence with a half a dozen lines from defendant's testimony about having chains on his car. But the rule that the trial court's "findings of fact in jury-waived cases shall have the effect of a special verdict" (rule 334, R. C. P.) is not abrogated because the facts are not in dispute. The question upon appeal of a jury-waived case is whether the trial court's finding is supported by substantial evidence. And this is so regardless of the presence or absence of a conflict in the testimony. Davis v. Knight, 239 Iowa 1338, 35 N.W.2d 23. If the trial court's finding is a reasonable inference drawn from undisputed facts, it is binding upon this court.

■ II. In the remaining assignments defendant contends the trial court's conclusion that plaintiff was free from contributory negligence is not supported by substantial evidence and plaintiff was guilty of contributory negligence as a matter of law.

There is no merit in these assignments of error. The accident happened about 10 a. m. on Fleur Drive near the intersection of Bell Avenue in Des Moines. Plaintiff, driving north on a downgrade, noticed defendant, driving south, start to make an unsignaled left turn about 150 feet ahead. Plaintiff applied his brakes and turned to his left to avoid the collision. The left wheels of plaintiff's car entered the snow-packed middle section of Fleur Drive (the driving lanes were clear) and plaintiff's car went sliding down the grade at an angle and into the side of defendant's car.

Defendant supports these assignments with a vague argument that plaintiff offered no excuse for not having chains on his car; for not staying in the dry lane; for not turning to his right instead of to his left; and for not stopping within 150

958

feet. Defendant theorizes and reasons from a number of pointed questions that plaintiff must have been negligent. The argument advanced does not tend to sustain the assigned errors. Without further comment we hold the trial court's finding that plaintiff was free from contributory negligence is amply sustained by substantial evidence in the filed record. The judgment is affirmed.—Affirmed.

All JUSTICES concur.