HOWARD RITCHIE, d/b/a RITCHIE PONTIAC COMPANY, appellee, v. LEROY HILMER et ux., appellants.

No. 49967.

(Reported in 103 N.W.2d 858)

June 14, 1960.

Dennis D. Damsgaard, of Waterloo, for appellants.

Sager, Engelbrecht & Hemingway, of Waverly, and Frederick G. White, of Waterloo, for appellee.

HAYS, J.—Under plaintiff's petition for a writ of replevin, wherein it is alleged that he is the owner and entitled to the immediate possession of a certain Pontiac automobile, then in the possession of the defendants, the car was taken and delivered to plaintiff. By answer defendants deny the allegations of the petition, ask that the petition be dismissed and that they be given judgment for the value of the car, or, in the alternative, that the car be returned, and for damages for its unlawful detention. Upon the trial to the court without a jury the court found plaintiff to be entitled to the immediate possession and entered judgment against defendants for costs. They have appealed.

There is no dispute as to the material facts. Plaintiff, Howard Ritchie, held a Pontiac agency and on July 15, 1958, under a conditional sales contract, sold and delivered to the defendants the automobile in question. Under the terms of this contract, plaintiff retained title thereto until the full purchase price had been paid under a monthly payment plan. It also provided that upon default in the payments plaintiff was entitled to repossess the same. On July 23, 1958, plaintiff sold

and transferred this contract, by a general indorsement, to the State Bank of Waverly, Iowa, and received full payment thereon. The defendants were notified of the assignment and thereafter made some payments to the bank. In January 1959, defendants being in arrears, plaintiff and a representative of the bank called upon the defendants and requested the possession of the automobile, which was refused. Plaintiff then commenced this action with the result above noted.

██ ██ I. Replevin is a law action triable by ordinary proceedings and is reviewed upon assigned errors. Section 643.2, Code of 1958; Glenn v. Keedy, 248 Iowa 216, 80 N.W.2d 509. When tried to a court without a jury the findings of fact have the force of a jury verdict, binding upon this court if based upon substantial proof. Donahoe v. Casson's Market, Inc., 248 Iowa 1106, 84 N.W.2d 29; Cleary v. Wolin, 244 Iowa 956, 58 N.W.2d 830; rule 334, Rules of Civil Procedure.

██ II. The immediate right to possession is gist of a replevin action and whatever be the right or want of right of the defendant, if the plaintiff be not entitled to present possession he cannot prevail. Marienthal, Lehman & Co. v. Shafer, 6 Iowa 223; Mutual Surety Co. v. Bailey, 231 Iowa 1236, 3 N.W.2d 627; Lyons v. Shearman, 245 Iowa 378, 62 N.W.2d 196. The trial court found plaintiff entitled to immediate possession, and while defendants assign several errors they boil down to the single question: Did the trial court err in so finding under this record? In other words, is there substantial proof in the record to sustain this finding? If so, the judgment must stand.

██ III. The conditional sales contract authorizes immediate repossession by the vendor in case of a default by the vendee in the scheduled payments. The trial court found, supported by ample proof, that the defendants were in default in their payments, and, if nothing more appeared in the record, the trial court was correct as to the possession. However, within one week after the signing of the contract, plaintiff, vendor, sold and assigned the same to the bank, under a general indorsement, and received full payment thereon. The bank assumed full control, notified the defendants of the assignment and received payments thereon. By such an assignment all right, title and

interest which plaintiff had therein was transferred to and became the absolute property of the bank. State Savings Bank v. Universal Credit Co., 233 Iowa 247, 8 N.W.2d 719; 78 C. J. S., Sales, section 641b; 47 Am. Jur., Sales, section 931. By the same token, all the rights of the vendor, plaintiff, were extinguished. 78 C. J. S., Sales, section 641(2a); 47 Am. Jur., Sales, section 929. That the plaintiff was cognizant of this situation is evidenced by his testimony that when defendants came to him and requested an extension of time to make the payments, he told them they would have to see the bank.

Until and unless a conditional sales contract, which has been assigned for other than security purposes, is reassigned to the assignor, said assignor is not entitled to the possession of the subject matter of said contract. 47 Am. Jur., Sales, section 929; 6 C. J. S., Assignments, section 101; United States v. Fleming (D. C. Iowa) 69 F. Supp. 252; First Acceptance Corp. v. Kennedy (D. C. Iowa) 95 F. Supp. 861, 871. A possible exception to this rule would be an agency between the assignee and the assignor in which situation the assignor would be a plaintiff in name only. However, no question of agency is pleaded.

The record shows quite clearly that the bank is still the owner and holder of this contract. While it is true, as stated by the trial court, that a general indorser may be ultimately liable thereon, sections 541.65 and 541.66, Code of 1958, under this record that contingency had not arrived and at the time of the trial plaintiff was no more entitled to the possession of the car than he was the day after he made the assignment. The trial court and the appellee seem to view the question as one of "capacity to sue", with Watson v. Chapman, 244 Iowa 56, 55 N.W.2d 555, being cited by the court. An examination of this case, and others cited by the appellee, will show that they are not in point. The issue is not one of "capacity to sue" but of maintaining the burden of proof resting upon a plaintiff in this type of an action. Under the established legal principles, above announced, the record not only fails to support the court's findings but is clearly contrary thereto. The court was in error and the judgment must be reversed.

 

The appellants in their answer pleaded, as allowed by sections 643.17 and 643.19, for the value of the car, or, in the alternative, for the return of the car and for damages for the unlawful detention or taking. The trial court, finding that the appellee was entitled to the immediate possession, did not reach this phase of the case. In view of our holding, this phase is left undetermined and the cause is reversed with directions for further hearings thereon.—Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting, and THORNTON, J., who takes no part.