HOWARD RITCHIE, d/b/a RITCHIE PONTIAC COMPANY, appellee, v.
LEROY HILMER et ux., and WILLIAM F. HILMER, appellants.

## No. 50709.

(Reported in 117 N.W.2d 443)

OCTOBER 16, 1962.

Dennis D. Damsgaard, of Waterloo, for appellants.

Sager, Engelbrecht and Hemmingway, of Waverly, and Frederick G. White, of Waterloo, for appellee.

SNELL, J.—This action in equity is a sequel to Ritchie v. Hilmer, 251 Iowa 1002, 103 N.W.2d 858. The basic facts are not in material dispute but the parties arrive at different conclusions as to who is indebted to whom and for what.

LeRoy Hilmer will be referred to as the defendant. The rights of the other defendants are not important to the main issues.

Plaintiff, Howard Ritchie, d/b/a Ritchie Pontiac Company, operates a garage and sells Pontiac automobiles. In July 1958 plaintiff sold and delivered to defendant, LeRoy Hilmer, a 1958 Pontiac automobile on a conditional sales contract calling for time payments in the sum of $3847. This sum was in addition to a trade-in allowance. "Under the terms of this contract, plaintiff retained title thereto until the full purchase price had been paid under a monthly payment plan. It also provided that upon default in the payments plaintiff was entitled to repossess the same. On July 23, 1958, plaintiff sold and transferred this contract, by a general indorsement, to the State Bank of Waverly, Iowa, and received full payment thereon. The defendants were notified of the assignment and thereafter made some payments to the bank. In January 1959, defendants being in arrears, plaintiff and a representative of the bank called upon the defendants and requested the possession of the automobile, which was refused." Ritchie v. Hilmer, 251 Iowa 1002, loc. cit. 1003, 1004, 103 N.W.2d 858.

Plaintiff then brought action in replevin and obtained possession of the automobile under the issuing writ. Upon trial in the District Court plaintiff prevailed.

On appeal to this court we said, "The immediate right to possession is gist of a replevin action and whatever be the right

or want of right of the defendant, if the plaintiff be not entitled to present possession he cannot prevail. [Citations] * * *

"Until and unless a conditional sales contract, which has been assigned for other than security purposes, is reassigned to the assignor, said assignor is not entitled to the possession of the subject matter of said contract. [Citations] * * *

"The record shows quite clearly that the bank is still the owner and holder of this contract. While it is true, as stated by the trial court, that a general indorser may be ultimately liable thereon, sections 541.65 and 541.66, Code of 1958, under this record that contingency had not arrived and at the time of the trial plaintiff was no more entitled to the possession of the car than he was the day after he made the assignment."

The case was reversed and remanded with directions for further hearing.

The only issue decided in that appeal was the right to present possession of the automobile. Plaintiff at the time of replevin was not the owner of the conditional sales contract and resultantly was not entitled to claim possession of the automobile thereunder. No other rights as between the parties were involved or determined.

It now appears that as of August 5, 1959, plaintiff under his general indorsement paid the State Bank of Waverly the amount due on defendant's note and again became the owner thereof. This, however, did not help him in the replevin action where his right to possession was determined as of the date of the replevin.

In the original case the trial court entered a judgment for plaintiff on June 18, 1959. On July 30, 1959, plaintiff's counsel and defendant's counsel agreed to the withdrawal by plaintiff of the original title certificate and the substitution of a photostatic copy thereof to allow sale of said vehicle. On the same date and in the same case the trial court authorized withdrawal of the certificate of title to enable plaintiff to sell the car promptly and thereby avoid its further depreciation.

The car was resold by the plaintiff on August 4, 1959. After repairs costing $100 the car was sold for $2850, plus a trade-in of $300. The sale price was received by the plaintiff,

but has not been credited on the original conditional sales note and contract executed by the defendant to the plaintiff.

Notice of appeal in the original action was filed on September 11, 1959. This was subsequent to the resale of the car by plaintiff.

Upon remand in the original action and pursuant to the decision of the Supreme Court further hearing was had, "and the parties then proceeded to offer evidence with respect to the value of the automobile involved herein at the time of the taking under the writ of replevin."

From the evidence the court determined "that the value of the Pontiac automobile with its equipment on the date of the taking herein under the replevin is in the sum of $3100."

Judgment was entered in favor of the defendant and against the plaintiff in the sum of $3100, together with costs. This was done on the third day of October, 1960.

I. Three days after the date of judgment for $3100 in favor of defendant and against plaintiff the present action was started.

Plaintiff sought injunctive relief against levy of execution on the $3100 judgment, an offset of the judgment against plaintiff's claim on the original note and judgment for the difference.

On trial in the instant case seven witnesses called by plaintiff testified to the bad financial record of defendant LeRoy Hilmer. The trial court found that LeRoy Hilmer was insolvent. The record is ample to sustain this finding. The other evidence consisted of the testimony of the cashier of the State Bank of Waverly, who gave the history of the transaction, the plaintiff, Howard Ritchie, and the files and records in the prior case. Defendants offered no evidence.

II. Plaintiff's procedure in seeking injunctive relief against defendant's judgment and for setoff was proper. It has been established by the evidence that defendant LeRoy Hilmer has been and is insolvent. Plaintiff has a claim against him. Because of defendant's insolvency plaintiff has no adequate remedy at law to prevent irreparable injury. A comparable situation was before this court in DeLaval Separator Co. v. Sharpless, 134 Iowa 28, 111 N.W. 438. Beginning on page 29 of Iowa Reports, it is said:

"As against Sharpless, the right of the plaintiff to have relief in equity to prevent the enforcement of the judgment, so as to defeat the setting off of Sharpless' indebtedness to plaintiff, Sharpless being insolvent, is perfectly plain. The facts bring the case completely within the general jurisdiction of equity to enforce a set-off. In the replevin suit, in which Sharpless recovered his judgment, the indebtedness of Sharpless to plaintiff on account could not be interposed as a counterclaim (Code, section 4164); and, if Sharpless were to be allowed to enforce his judgment, plaintiff would be in the position of being compelled to pay this judgment, although Sharpless is indebted to it in amount in excess of the judgment in his favor. That a court of equity will furnish relief by way of decreeing an equitable set-off in such cases is well settled." (Citations)

III. Defendants argue that the evidence fails to substantiate the findings and conclusions of the trial court. The factual situation and the history of the transaction support plaintiff's claim and the court's findings.

It should be noted that the judgment of the trial court was for the value of the automobile at the time of its taking in replevin and there was no award of damages for the illegal detention thereof. From this judgment there was no appeal. The judgment in the sum of $3100, after its rendition, stood in lieu and stead of the automobile which had been disposed of. We, thus, have a situation where defendant was found entitled to possession of the automobile or, in this case, a judgment in the sum of $3100. When defendant was awarded the automobile, or its value, he remained obligated upon his original purchase price, which was not paid. By no method of calculation would defendant be entitled to the automobile or its value and at the same time be relieved of his original obligation to pay for the automobile. Stated in another way, chronologically, the plaintiff sold the car to defendant and took defendant's note and conditional sales contract therefor. On default of payments due under the contract plaintiff repossessed the automobile and resold it for the equivalent of $3050. Had the transaction ended there the defendant would have been entitled to a credit upon his original note in that amount. By virtue of the defendant's appeal the

transaction did not end at that point. On defendant's appeal replevin of the car was held to be improper and the defendant entitled to possession. In lieu of the car he has a judgment in the sum of $3100. If he has the car or its value he still owes for its purchase price. As between the parties defendant is not entitled to credit for $3050 received by plaintiff for the car, plus a judgment for $3100 representing the value of the car.

To allow defendant both would be giving him $6150 for his note of $3703.68. It would give him considerably more than the original purchase price of the car.

The $3050 received by plaintiff on the second sale of the car does not enter the picture, except as it represents the automobile.

Defendant is entitled to credit on his purchase price note for the $3050 received by plaintiff or the judgment for $3100, but not both. If defendant were to have both he would be twice receiving pay for the automobile.

■ IV. Defendants argue that plaintiff having proceeded in replevin to repossess the car has made an election of remedies and may not now seek recovery on the note.

Assuming, arguendo, that had plaintiff prevailed in replevin he should have credited defendant with the resale price of the automobile, it does not follow that there was an election of remedies when the Supreme Court has told him that he could not so proceed. There can be no election of remedies when the attempted election is prevented by decision of the court. There was no repossession with a resulting election of remedies, because the repossession was set aside by order of court.

■ This proposition is well settled. In Swanson v. Baldwin, 249 Iowa 19, 24, 85 N.W.2d 576, 69 A. L. R.2d 249, it is said, "It is well settled that one who seeks to assert a remedy to which he is not entitled is not thereby precluded from pursuing another remedy which may be available to him." (Citations) See also Missildine v. Miller, 231 Iowa 371, 1 N.W.2d 110.

■ V. Defendant argues that the judgment against plaintiff in the replevin action is not subject to collateral attack in this action. This action is not a collateral attack on defendant's judgment against plaintiff. Plaintiff recognizes the judgment

and asks for equitable setoff. This is a proper and appropriate procedure. See DeLaval Separator Co. v. Sharpless, supra.

In argument, defendant-appellants concede that if the plaintiff is entitled to a judgment in this case the plaintiff also has a right to have that judgment offset against the judgment of the defendants obtained in the replevin action. The trial court found, and we agree, that plaintiff is entitled to judgment. The right of offset is established.

Florine Hilmer, the wife, and William F. Hilmer, the father of LeRoy Hilmer, were named as defendants and appellants, because of claimed interests in the automobile and the judgment representing its value. There is nothing in the record to establish any superior right in either. Their claims fall with the claim of LeRoy Hilmer. No separate argument has been made in this appeal in their behalf.

In District Court counsel for defendant filed an Attorney's Lien on the Hilmer judgment. The trial court found as a matter of law that this claim or lien was inferior to the rights of plaintiff to an offset. We agree. The point has not been pursued on appeal.

Other claims made by defendants in the trial court are not argued on appeal. They have been considered and found to be without merit.

The trial court found for plaintiff, provided for judgment and offset of judgment and outlined enabling procedure.

The trial court was right in all particulars.

The case is—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.