RICHARD SHORT, appellant, v. WILLARD J. MARTIN, appellee, IVAN MORRIS, intervenor.

No. 50854.

(Reported in 121 N.W.2d 154)

April 9, 1963.

Rehearing Denied June 11, 1963.

Nazette & Bromwell, by Richard F. Nazette, of Cedar Rapids, for appellant.

Robert W. Matias, of Cedar Rapids, for appellee.

Blake H. Shipton, of Center Point, for intervenor.

STUART, J.—Plaintiff, vendor in a conditional sales contract, brought this action in replevin to recover possession of the farm machinery which was the subject of the contract. The defense urged that the contract was severable and two of the pieces of machinery were paid for in full. Immediately prior to the introduction of evidence, defendant and intervenor offered to confess judgment for the balance due on the contract together with interest and costs to that date. Plaintiff refused to accept this offer. After trial the court found, in effect, that plaintiff was entitled to possession if the defendant or intervenor did not redeem within ten days. Plaintiff has appealed claiming the court exceeded the bounds of judicial power prescribed by section 643.17, 1962 Code of Iowa, in permitting redemption when the contract specifically provided for the right of immediate possession in case of default by the purchaser.

On February 14, 1961, the plaintiff sold the defendant a tractor, disc, elevator and manure loader on a conditional sales contract. Under the terms of the contract, defendant was to make payments as follows: 2-27-61 $1500; 3-14-61 $150; and 10-1-61 $350. On March 1, 1961, defendant made the $1500 payment. On March 7, 1961, defendant mortgaged the machinery to the Walker State Bank. On May 15, 1961, intervenor sold the defendant some farm machinery and took the tractor in trade. Neither the second nor third payment was made when due and plaintiff brought this action in replevin on October 4, 1961, and obtained possession of the machinery.

Defendant claimed the check for $1500 was in full payment for the tractor and disc and carried the notation when given "for M tractor + John Deere Wheel disc, In Full". The court found by a great preponderance of the evidence that the check so prepared was not accepted and another without the notation was given, but that the notation appeared on the check when it was examined by the intervenor. The intervenor did not examine the records at the courthouse for liens against the tractor, but relied on the statements of the defendant that the tractor was clear.

In reaching its decision the trial court seems to have been governed by the apparent equities of the situation. He said:

"If the plaintiff gets the full price for his machinery together with all the accrued interest and the payment of costs, plaintiff cannot be hurt. However, if plaintiff is permitted not only to have the $1500 already paid and the machinery too, some one, two or three are going to be hurt; the defendant, the uncle and the intervenor or one or two of them.

"The court decides that if payment to the plaintiff is made within ten days of the balance due, together with all accrued interest as provided by the contract up to the time of payment and all costs which accrued before the beginning of the taking of evidence in this case, then the court will decide that the plaintiff is not entitled to the possession of the machinery. If the payment is not so made, an order will be entered giving possession thereof to the plaintiff."

The plaintiff appealed from this decision.

While we are in sympathy with the trial court's good intentions and would have been tempted to make the same decision had we been in his position, we have been unable to find authority justifying this result under the record. We were not favored with a written brief and argument from the appellee to aid us in our search.

I. Replevin is an action at law triable by ordinary proceedings and the trial court's findings of fact have the force and effect of a jury verdict which will not be disturbed if based upon substantial proof. Section 643.2, 1962 Code of Iowa;

Ritchie v. Hilmer (1960), 251 Iowa 1002, 103 N.W.2d 858. The trial court found against defendant and intervenor on the severability of the contract. The defendant is in default on the contract by failing to make the last two payments, by mortgaging the property to the bank and by selling the tractor to the intervenor.

The contract provides: "That in the event of such default in any of said payments, or in the event of a sale or attempt to sell said property by the buyer, the seller may then take immediate possession of said property, including any equipment or accessories attached thereto, and all payments made thereon shall be retained by the seller as rental or compensation for the use of said property and be forfeited to the seller without any liability on said seller's part to refund the same or any part thereof to the buyer; * * *."

II. This court considered a similar situation in the case of Smith v. Russell, 223 Iowa 123, 272 N.W. 121, in which the purchaser brought an action in replevin to recover property purchased on a conditional sales contract which seller had repossessed. The trial court held the purchaser should have possession by paying into court a sum which together with a tender previously made, made the seller whole. As the language used seems to be particularly appropriate we will quote from that opinion and adopt the language herein.

"We have recognized in this state conditional sale contracts as a species of contracts entirely separate and apart from chattel mortgage contracts or other forms of security. In the case of Murray v. McDonald, 203 Iowa 418, 421, 212 N.W. 711, 712, 56 A. L. R. 233, we find this language:

" 'There is no prescribed form for a conditional sale contract. The rights and liabilities of the parties thereto, as in any other kind of a contract, must be determined by the language used and the intention deducible from the terms employed in the contract. As said in First National Bank v. Marlowe, 71 Mont. 461, 468, 230 P. 374: "Since the parties were competent to contract and did so freely, it is not the province of this court to act as guardian for the maker and say it shall not be bound

to do what it agreed to do." ' The above language is quoted with approval in the recent case of Wisconsin Chair Co. v. Bluechel, 216 Iowa 717, 724, 246 N.W. 817." Page 129.

 "The rule is quite generally recognized that under a conditional sale contract the seller upon default in payment of the purchase price by the conditional buyer· has three well-defined remedies: (1) He may sue for and recover the purchase price; (2) recover possession of the property; or (3) foreclose the buyer's right in an equitable action. He is not compelled to adopt the latter, but may, under the terms of the contract, sue for the possession of the property. This is the remedy which the appellant elected to pursue in the instant case. However, the appellee insists that conceding all this, he still has a right to redeem by offering to pay the balance due under the contract. He points out no specific statutory provision as a basis for his contention. There is no warrant for this contention found in the terms of the contract. It is quite generally held that redemption is purely a statutory remedy, or may be provided for by the terms of the contract of sale. Some states provide by statute for redemption within a specified time after the vendor has repossessed the property under a conditional sale contract. In such case the payment or tender of payment must be made within the time provided by statute to be effective. Jewett v. Keystone Driller Co., 282 Mass. 469, 185 N.E. 369, 87 A. L. R. 1298. We have no statute in this state giving the purchaser any such right to redeem after forfeiture under a conditional sale contract such as the contract in the instant case. This does not mean that in a proper case, and under proper procedure, the purchaser would not have a remedy." Page 130.

Reference follows to the case of Groen v. Ferris, 189 Iowa 21, 176 N.W. 213, in which a court of equity granted relief from enforcement of an unconscionable contract. The court goes on to say:

"* * * We have no such situation in the instant case, and furthermore, we are in a court of law. We have here a contract which by its terms is specific. In retaking the property the appellant was but exercising his rights under the contract, and

upon the exercise of which, by the very terms of the contract, the purchase money already paid was to be considered as rent for the use of the property. The parties had a right to so contract. Upon the exercise of this right in a legal manner, the legal effect is to terminate the contract. It did not amount to a rescission of the contract, but amounted to the exercise of rights under the contract." Pages 130, 131.

"* * * We see no legal impediment to the right of the appellant to repossess the chattel because of default of the purchaser, and to treat the same as his own and the purchase price paid as rent for use of the same in accordance with the terms of the contract. And we know of no rule of law by which the buyer may in a replevin suit effect a redemption by tendering the balance due after he has lost possession of the same." Page 131.

The court in case of Bagnard v. Interstate Finance Corp., 229 Iowa 452, 455, 294 N.W. 790, quotes from Smith v. Russell and reaffirms the holding that a purchaser in a replevin action cannot effect a redemption by a tender after having lost possession of the property.

Annotations in 37 A. L. R. 105, 83 A. L. R. 967, 99 A. L. R. 1296, consider the right to redeem after repossession. It is also treated to some extent in 49 A. L. R.2d 23. None of these authorities were particularly helpful nor departed substantially from the statements in Smith v. Russell quoted above. In many of the cases considered, statutory right of redemption was involved.

Under the terms of the contract plaintiff was entitled to immediate possession upon default. There was no reservation of a right of redemption in the contract. There is no statute in Iowa which guarantees the purchaser a period of redemption. In the absence of either a provision in the contract or a statute providing such right, it is beyond the power of a court of law to supply it.

Trial court states there is an element of waiver or estoppel involved because the plaintiff accepted the $1500 payment two days after it was due and failed to take action when defendant did not make the March 17 payment. Neither of these defenses were pleaded and are therefore not available to the

defendant. Iowa Rules of Civil Procedure, rule 101; Markman v. Hoefer, 252 Iowa 118, 106 N.W.2d 59; Watts v. Archer, 252 Iowa 592, 107 N.W.2d 549.

The plaintiff is entitled to possession of the property involved.—Reversed.

GARFIELD, C. J., and HAYS, LARSON, THOMPSON, THORNTON and MOORE, JJ., concur.

SNELL and PETERSON, JJ., dissent.

SNELL, J. (dissenting)—Here the plaintiff seeks his "pound of flesh." He has refused to be made whole and seeks an unjust enrichment. His refusal of intervenor's tender of all sums due made before the taking of any evidence and his appeal from the trial court's decision based on fairness to all appears avaricious and unconscionable. I do not think that even the technical rules of replevin require us to place the stamp of approval thereon.

As the trial court said, courts do not favor forfeitures and do not like to see a party to a contract get something for nothing.

The question in replevin is the right to possession but plaintiff's right to possession was dependent upon the nonpayment of the sums due on the conditional sales contract. When he refused to be paid and be made whole before the right to possession was determined in district court the foundation on which his right to possession was based failed.

There was neither statutory nor contractual right to redemption but the trial court arrived at what I think was a commendable result in determining possession was dependent on nonpayment.

I would affirm.

PETERSON, J., joins in this dissent.